T. G. BIRDWELL, ADMINISTRATOR v. E. KAUFFMAN AND OTHERS.

| 25 | 189 |
|----|-----|
| 76 | 602 |

The provision of the statute (Hart. Dig. Art. 1230) that "any one interested in the estate of a deceased person may, at any time within two years after the settlement by the Chief Justice of any account of the executor or administrator of such estate have the same revised and corrected," &c., does not limit such revision to the *final* account, but applies to "*any account*," and an action will therefore lie pending the administration and before final settlement to revise an account rendered by the administrator.

The act of 1848, concerning the settlement of estates, provides the mode of establishing claims for money against an estate, to be ranked as acknowledged debts and paid in due course of administration, by a system of rules designed to be complete within itself, and to comprise the only rules which should govern in their settlement.

A proceeding by *scire facias*, to revive a judgment recovered against a testator or intestate for money, under the District Court act of 1846, (Hart. Dig., Art. 785,) therefore, is not a mode of establishing such judgments against the estate, to be ranked as acknowledged debts of the succession, and paid in due course of administration.

The act of the 5th of February, 1853, (O. & W. Dig., Art. 541) repeals the 131st section of the District Court act of 1846, (Hart. Dig., Art. 785,) and prescribes in its stead for the establishment of the claim against the estate, the presentation of a certified copy of the judgment to the executor or administrator "as directed by law for the settlement of the estates of deceased persons." Judgments are by that act placed upon the same ground, as to the mode of their establishment against the estate, as other claims for money against estates.

APPEAL from Walker. Tried below before the Hon. Peter W. Gray.

This was a suit brought in the District Court in September, 1857, by E. Kauffman, J. P. Lee and U. B. Brewster, against Thomas G. Birdwell, administrator of the estate of Isaac Tousey, deceased. The plaintiffs were creditors of the estate, holding claims of the fourth class. Tousey died in the year 1853, and the defendant appointed administrator in 1854. At the time of his death there existed against him, in full force, divers judgments in favor of several other creditors respectively, which had been rendered in the years 1852 and '53, amounting to over

$10,000. In the County Court in 1856, the exhibit by the administrator of the condition of the estate being presented, it appeared that the above named claims were also of the fourth class, and out of the money in the hands of the administrator, a payment was ordered on claims of that class of twelve cents on the dollar.

The plaintiffs, whose claims had been duly allowed and approved, contested the approval of the exhibit, and objected to the judgments being considered as claims against the estate.

After the death of Tousey, the judgments had been revived by *scire facias* in the District Court, but had never otherwise been presented, allowed or approved. This objection being urged, was overruled, and the claims of the plaintiffs, under the order of the court, remained subject to be paid *pro rata* with the other debts against the estate of the same class, as shown by the said exhibit.

This suit was brought to revise and correct the said orders made by the County Court, and to set aside the claims thus objected to, as invalid. The defendant, in his answer, excepted to the sufficiency of the petition, and assigned as grounds of exception : That it did not set forth a final settlement, by the administrator, of his administration, and that it did not allege that the judgments of which it complained had become dormant by the laches of the plaintiffs in them respectively. The court overruled the exceptions, and upon the evidence rendered a judgment declaring the claims not entitled to be ranked among the debts against the estate, to be paid *pro rata* with debts which had been presented and approved; and annulled and set aside the orders aforesaid made by the County Court. The court proceeding further to render such decree as the County Court should have made, decreed that in their present shape said judgments are not valid claims against the estate, and that they be postponed until all claims of the fourth class which have been presented and approved in the mode, and within the time prescribed by law, shall have been paid.

*Branch & Abercrombie*, and *Leigh & Baker*, for the appellant.

Birdwell v. Kauffman.

*A. P. Wiley*, for the appellees.

WHEELER, C. J.—It is insisted for the appellant that it was not competent to institute this proceeding, under the statute, to revise the action of the Probate Court until after final settlement of the administration, and that the suit was prematurely brought The provision of the statute is that "any one interested in the estate of a deceased person, may at any time within two years after the settlement by the Chief Justice, of any account of the executor or administrator of such estate, have the same revised and corrected," &c. (Hart. Dig., Art. 1230.)

It will be observed that it is not the settlement by the Chief Justice of the final account only, but of "any account" of the executor or administrator which the statute authorizes any one interested in the estate to have revised and corrected. And, accordingly, we have heretofore held that the remedy may be pursued as well while the administrator remains in the discharge of the functions of his office, as after he has rendered his final account and been discharged from the administration. (Murphy v. Menard, 11 Tex. R., 673, 677.) This accords with the literal import, and, we think, with the intention of the law. The longer the correction of the error is deferred, in a case like the present, the greater will be likely to be the inconvenience occasioned by its correction to all the parties concerned; and we see no reason for supposing it was intended by the Legislature that the remedy should not be adopted as soon as the error was committed, or until the settlement of the final account of the administrator; and are of opinion that the objection that the suit was prematurely brought is not well taken..

The remaining question, on which the decision of the case upon the merits depends, is, whether the proceeding by *scire facias* to revive the judgments against the administrator, which had been recovered in the life time of the intestate, was a mode known to the law, of establishing those judgments against the estate, to be ranked as acknowledged debts of the succession and paid in due course of administration. We are of opinion that it was not.

The proceeding by *scire facias*, to revive a judgment in the

manner adopted in this case, was given by the 131st section of the District Court act of 1846. (Hart. Dig., Art. 785.)

The subsequent act of 1848, concerning the settlement of estates, provides that "every claim for money against a testator or intestate, shall be presented to the executor or administrator within twelve months after the original grant of letters testamentary or of administration; or payment thereof shall be postponed," &c. "That no executor or administrator shall allow any claim for money against his testator or intestate, nor shall any chief justice approve any such allowance, unless such claim is accompanied by an affidavit in writing that the claim is just, and that all legal offsets, payments and credits known to the affiant, have been allowed," &c.; and "if any such claim is allowed or approved without such affidavit, such allowance or approval shall be of no force or effect." (Hart. Dig., Art. 1156, 1158.) Language cannot be more comprehensive or explicit than this.

And when it is considered that the act of 1848 was evidently designed to afford a system of rules for the settlement of the estates of deceased persons complete within itself, and to comprise the only rules which should govern in their settlement, it seems difficult to conclude that a claim for money against an estate could be established so as to entitle it to be paid in the due course of administration in any other mode than that which the statute prescribes. If a judgment recovered against the testator or intestate is a "claim for money" against his estate, it would seem difficult to exempt it from the operation of the statute.

But the question as to the mode of establishing a judgment, so that it may be paid in the due course of administration, is placed beyond doubt by the act of the 5th of February, 1853. That statute amends the District Court act of 1846, by leaving out of the act the 131st section, which provided for the revival of judgments by *scire facias*, and prescribing in its stead for the establishment of the claim against the estate by presenting a certified copy of the judgment to the executor or administrator, "as directed by law for the settlement of the estates of deceased persons." The statute authorizing the revival of the judgment by *scire facias* was thus expressly repealed, and judgments placed

upon the same ground, as to the mode of their establishment against the estate, as other claims for money against estates. We think it free from doubt, that after the passage of this statute, the proceeding by *scire facias* to revive the judgment no longer existed, as a mode of establishing it as a claim against the estate, to be paid in the due course of administration. It results that the court did not err in holding that the judgments in question, not having been presented to the administrator in the mode and within the time prescribed by law, were not legally established as claims against the estate entitled to be paid *pro rata* with the plaintiff's claims, which had been duly established; and that there was no error in setting aside the order of the Probate Court by which they were adjudged to be so paid. There is, therefore, no error in the judgment, and it is affirmed.

Judgment affirmed.