## JASPER HAYS v. W. H. TILSON.

Delivered April 6, 1898.

### 1. Mortgage—Foreclosure by the Probate Court—Parties.

While a mortgage of land, taken without notice of a prior outstanding deed thereof executed by the owner, will confer the superior right, yet such deed conveys the legal title, and a foreclosure of the mortgage through probate proceedings against the estate of the common grantor, to which the grantee in the deed was not a party, will not divest his title.

### 2. Acknowledgment of Deed—Substantial Compliance—Identity.

A certificate of acknowledgment stating that before the officer appeared the grantor, "to me well known, and acknowledged he signed and delivered the foregoing transfer for the purposes and consideration therein stated," while not in the statutory language, is sufficient.

### 3. Lien—Right of Mortgagee in Possession—Limitations.

One in possession of land subject to a valid incumbrance in his favor is entitled to hold possession irrespective of the legality of the foreclosure proceedings under which he obtained possession until the adverse claimant of title from the incumbrancer redeems by satisfying the incumbrance, and such adverse claimant can not invoke limitations against the possessor's affirmative claim for such relief.

### 4. Same—Limitations.

The approval of a mortgagee's claim by the probate court adjusting the estate of the mortgagor reduces it to the status of a judgment, and limitations thereupon cease to run against the original claim.

### 5. Costs of Suit.

Where the judgment gave to plaintiff the relief he sought, but also gave the defendant the equitable relief he asked, it was within the discretion of the court to charge plaintiff with the costs of the suit.

APPEAL from Haskell. Tried below before Hon. ED. J. HAMNER.

*R. F. Arnold* and *A. M. Carter,* for appellant.

*W. H. Tilson* and *Oscar Martin,* for appellee.

TARLTON, CHIEF JUSTICE.—Jasper Hays and W. H. Tilson, plaintiff and defendant, appellant and appellee, respectively, claim the land in controversy from W. M. Campbell as a common source. The land was patented on July 25, 1881, to Charles B. Clough, the certificate having been located in Haskell County on June 15, 1880.

The plaintiff's chain of title is as follows:

1. A transfer from W. M. Campbell to H. P. Mabry, dated January 12, 1880, of the certificate by virtue of which the land was subsequently located. This instrument, properly acknowledged on the day of its date, was not recorded until July 23, 1889.

2. A deed with special warranty from H. P. Mabry to the plaintiff, dated and duly acknowledged October 19, 1880, but not recorded in Haskell County until July 23, 1889.

On February 1, 1893, the defendant Tilson took actual possession of the land, and has since held it, its rental value being 3 cents per acre. His claim is thus derived:

He was an indorser upon two notes executed by W. M. Campbell, to secure which Campbell executed in favor of the defendant a deed of trust upon the land in controversy, as also upon a tract in Bowie County and one in Knox County. Tilson paid these notes, one for $500 on April 1, 1889, and the other for $150 on May 1, 1889. He had no actual notice of either of the deeds in plaintiff's chain of title until this suit was brought on January 26, 1894. His deed of trust was duly acknowledged and recorded in Haskell County on February 27, 1888.

W. M. Campbell died March 6, 1889. Administration upon his estate was duly opened in Bowie County in October, 1891. With the lien securing it, the claim was approved by the administrator and the court, the latter issuing an order of sale in February, 1892. After the notice required by law, a report of sale was made and confirmed by the court, with an order on July 26, 1892, for the execution of a deed. This was formally made by the administrator to Tilson on July 30, 1892, who paid $40 for the tract of land in Bowie County, $150 for the tract of land in Knox County, and $300 for the land in controversy. These sums were credited on Tilson's claim against the estate, which was insolvent, and which was finally closed on January 30, 1895.

The plaintiff Hays was not a party to these probate proceedings, save in so far as he might be held to be such on account of the posting of notices as in such cases provided by law.

*Opinion.*—Article 4640 (formerly article 4332) of our Revised Statutes provides, among other matters, that all conveyances of land shall be void as to all creditors and subsequent purchasers for valuable consideration, without notice, unless they shall be acknowledged or proved,

and filed with the clerk to be recorded as required by law; but the same, as between the parties and their heirs, shall nevertheless be valid and binding.

On a former appeal of this case (Hays v. Tilson, 35 Southwestern Reporter, 515), we held, perforce of this statute, that the mortgage of Tilson was valid as against the prior unrecorded deed of Hays. We also held, however, that as Hays was not a party to the foreclosure proceedings in the probate court of Bowie County, he should be regarded as the owner of the land, subject only to the mortgage incumbrance, and that the deed executed by the administrator of Campbell, under the order of the probate court, did not convey title to Tilson. Our reasons for thus ruling are stated in the opinion referred to, and need not be here repeated. We adhere to them.

At the time of the attempted foreclosure in the probate court of Bowie County, the land was not the property of the estate of Campbell, but the title to it had passed to Hays, subject to the mortgage of Tilson, perforce of our registry statute, and of this conveyance of the title Tilson had constructive notice through the registry of the deed to Hays prior to the proceedings in question.

Appellee's contention, urged in his third cross-assignment, that the foreclosure proceedings are to be regarded as regular, and as effective upon Hays, is not believed to be sound. Under the terms of the statute, as we interpret it, the conveyance to Hays must be regarded as void with reference to the mortgage rights of Tilson, but not in so far as it effected a transfer of the title from Campbell to Hays, subject to these mortgage rights. The probate court had no jurisdiction to devest Hays of his title by virtue of proceedings to which he was not, and could not be made, a party, by the method there pursued. Bradford v. Knowles, 86 Texas, 508.

Tilson should have secured his claim against the estate as a money demand, and thereafter have proceeded in the District Court, by suit against Hays, to foreclose his lien. The mortgage of Tilson was a mortgage, not against the estate of Campbell, but against the property of Hays; but this property was, perforce of the registry statute above referred to, held subject to the incumbrance of Tilson.

The deed from W. M. Campbell to H. P. Mabry is assailed by the appellee as inadmissible, on the ground of a defective certificate of acknowledgment. The certificate is as follows:

"*The State of Texas, County of Jefferson.*—Before me, W. P. Gilbert, clerk of the County Court for said county, personally came Wm. M. Campbell, to me well known, and acknowledged he signed and delivered the foregoing transfer, for the purposes and considerations therein stated."

While this certificate is not in the terms prescribed by the statute, we think it substantially identifies the grantor as the person who exe-

cuted the instrument, and shows that the grantor made the acknowledgment to the officer. This conclusion also overrules the sole proposition urged under a succeeding cross-assignment, complaining of the introduction in evidence of the deed from Mabry to Hays.

From our former opinion in this case, already adverted to, it will be noted that the cause was remanded to the end that Tilson, the defendant, might set up certain equities to which, under the facts growing out of the existence of his mortgage, we conceived him to be entitled, which equities he had failed to urge in his pleadings. On the trial had in the District Court in accordance with our order remanding the case, the defendant filed an amendment, on May 24, 1897, in which, among other matters, he pleaded the notes indorsed by him, the deed in trust executed to secure the same, the death of Campbell, the payment of the notes by Tilson, the administration proceedings on Campbell's estate, the allowance of Tilson's claim, the foreclosure proceedings, and the purchase by Tilson at the administrator's sale and his consequent possession of the land. He prayed for a foreclosure of his mortgage.

The court, in accordance with this prayer, awarded him a decree of foreclosure in the sum of $645, adjudging, however, that no order of sale should issue until after sixty days from the date of the judgment, such being the period prescribed within which the plaintiff Hays, adjudged to be the owner of the land, should be entitled to redeem it from the incumbrance. We proceed, therefore, to dispose of the assignments of error urged by the appellant against the action of the court in granting the defendant the relief referred to.

The propositions under the first, second, third, and tenth assignments urge the defense of limitations of two and four years against the relief sought and recovered in the defendant's amended pleadings. We think that, as the defendant is in possession, and as the property stands charged with a valid incumbrance in his favor, he is entitled to hold it, under the facts presented, without reference to the legality of the proceedings under which he obtained possession. The plaintiff is in no condition to invoke the statute of limitations, which is not applicable against the equities of Tilson. Hays should pay the debt, to entitle him to recover the land, burdened with a just incumbrance. We regard this conclusion as a fair implication from the doctrine announced in Northcroft v. Oliver, 74 Texas, 162, and cases there cited. The plaintiff should be required to redeem, as a condition of recovery. Such was the decree in this instance; and while it embodies in addition an express foreclosure of the lien, if erroneous in this respect, no injury could have resulted therefrom to appellant.

It is not necessary to decide whether the defendant had the right to foreclose his lien, since it is not clear but that the statute of limitations would be inapplicable for other reasons. The indebtedness against Campbell was evidenced by the mortgage, an instrument in writing. Hence the statute of four years limitation originally applied, which in this instance began its course from the payment by Tilson of

the notes in question. Before the lapse of four years, the claim, having been presented to the administrator and approved by the court, was reduced to the status of a judgment, and we are not prepared to condemn the contention that neither the statute of two nor four years limitation applied to it, nor to the mortgage, its incident, at the time of its assertion in this case. In other words, the action of the probate court in approving the claim reduced it to the condition of a judgment, and removed the operation of the statute of limitations upon the original claim. Finley v. Caruthers, 9 Texas, 517; Wygal v. Myers, 76 Texas, 597; Foote v. O'Roark, 59 Texas, 215; King v. Brown, 80 Texas, 276.

We are unwilling to hold that the court erred in rendering judgment for costs against plaintiff, though it decreed that he should recover the land. The appellee prevailed in the equitable relief which he sought, and after the remanding of the cause this matter in which the appellee was the successful party was the principal subject of litigation. It seems that, under such circumstances, the question of costs is left largely to the discretion of the court below. Spires v. Purcell, 2 Posey's U. C., 624.

In the eighth assignment complaint is made that the court erred in rendering judgment of foreclosure in the sum of $645.35. The record does not sustain the statement on which this assignment is predicated, that in the judgment of the court it was decreed that the land in controversy was subject to Tilson's entire claim, "less the amount that he bid for the Knox County land, together with 6 per cent interest thereon." The judgment of the court does not indicate how the amount was reached. In the conclusions filed by the judge, it appears that Tilson was charged with the rents of the property, and that the proceeds, amounting to $190, of the two tracts other than that in controversy were applied to the discharge of the mortgage indebtedness, and it is probable that the balance of the demand, $650, bearing legal interests, less the rents, and less the proceeds above stated, was made the basis of the court's judgment. If so, it appears that the plaintiff received the benefit of the proceeds of the Knox County land, of the deprivation of which he complains in the sole proposition under the eighth assignment. We fail to find merit in the assignment.

We order an affirmance of the judgment.

*Affirmed.*

Writ of error refused.