FARMERS' NAT. BANK v. CRUMLEY et al.
(No. 7990.)

(Court of Civil Appeals of Texas. Dallas. June 8, 1918. Rehearing Denied June 29, 1918.)

JUDGMENT ⬤⟿861—REVIVAL.

Under Vernon's Sayles' Ann. Civ. St. 1914, arts. 3430, 3443, 3449, and 3450, providing for the rejection and allowance of claims against an estate, and that a claimant may sue on a rejected claim, and that no execution shall issue on a judgment thus obtained, but a certified copy thereof shall be filed with the county court where the suit is pending would be of the same effect as if the claim had been allowed by the administrator, such judgments are not to be enforced by executions, and can neither become dormant under the provisions of article 3717, nor be revived by scire facias as provided by article 5696.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Suit by the Farmers' National Bank against E. S. Crumley and others to revive a judgment. Judgment for defendants, and plaintiff appeals. Affirmed.

Wear & Frazier, of Hillsboro, for appellant. R. M. Vaughan and J. D. Abney, both of Hillsboro, for appellees.

RASBURY, J. This is an appeal from the judgment of the district court refusing to revive by scire facias a judgment of that court alleged to be dormant because of failure to issue execution therefrom within twelve months after entry. The action of the court is based upon the following uncontroverted facts: On March 9, 1906, Mrs. Emily Whitmire was appointed administratrix of the estate of M. H. Whitmire, deceased, by the county judge of Hill county sitting in probate, and her bond fixed at $10,000. Thereafter, on May 5, 1906, the county judge approved bond of the administratrix, and on the same day she qualified by taking the oath of office. The application for administration, among other claims against the estate, disclosed a claim in favor of appellant. All property left by the deceased was community.

On March 23, 1907, judgment was rendered in the district court of Hill county against Emily Whitmire, administratrix of the estate of M. H. Whitmire, then being administered in the county court of Hill county, for $3,969.-90, with interest, costs, etc., in favor of Farmers' National Bank, the appellant, the judgment reciting that it was based upon a valid and subsisting claim against the estate of M. H. Whitmire, deceased, and directing that it be certified to the county court as provided by what is now article 3450 of both the Revised and Vernon's Sayles' Civil Statutes. Execution did not issue from said judgment within 12 months of its rendition. Appellant at the time of the trial of the instant case was the owner of the judgment, which was satisfied neither in whole nor in part.

Appellant contends, in effect, that it appearing without dispute that the judgment was dormant, but not barred, it was entitled to have same revived under articles 3717 and 5696, Vernon's Sayles' Civil Statutes. Those statutes provide compositely in substance that when a judgment has become dormant for failure to issue execution within 12 months after rendition action to revive by scire facias or action for debt thereon may be maintained thereon at any time within 10 years after the date of such judgment. We conclude that the articles cited do not apply to the character of judgment sought to be revived in the instant proceeding. We base our conclusion on grounds noted in numerous prior decisions that the Legislature has conferred upon the county court sitting in probate full and complete administration of estates of decedents, free from interference by the decrees or process of other courts, save in a limited degree, such, for instance, as the right to establish in a court having jurisdiction of the subject-matter the validity of a claim which the administrator or executor has refused to approve, and save, of course, where the testator has by will denied the county court the right to administer upon his estate. The power so conferred by the numerous acts of the Legislature upon county courts comprehends authority to do every conceivable thing necessary to preserve the estate and to protect the rights of both creditors and those entitled to the residue of the estate. In general that court, acting through an executor nominated by the deceased or through an administrator appointed by it, may make the allowances allowed by law to the widow or minor children, set apart the homestead or other exempt property to the widow and children, classify and enforce payment of claims, hire, rent, and sell the property of the estate, enforce specific performance of contracts, and partition and distribute the estate among those entitled to receive it, etc. In relation to the particular matter in issue in this proceeding it is provided by statute, among other matters, that all persons hold-

---

ing claims against a decedent shall present same within the time prescribed by law, which shall be allowed or rejected by the executor or administrator, and if rejected the owner of the claim may within 90 days sue the executor or administrator in any court having jurisdiction of the claim to establish same against the estate, and if the judgment establishes the claim, execution shall not issue, but a certified copy of the judgment shall be filed with the clerk of the county court, etc., and be entered upon the claim docket, classified by the county judge, and be of the same force and effect as if allowed by the executor or administrator and approved by the county judge. Articles 3430, 3443, 3449, 3450, Vernon's Sayles' Civil Statutes. It is thus apparent that the only purpose in permitting judgments to be rendered against executors and administrators upon claims asserted against the estate is to establish their validity in the same manner and to the same purpose and extent that an allowance by the administrator and an approval by the court would in the first instance have established the claim, to be followed by classification and payment in the order of administration. Birdwell v. Kauffman, 25 Tex. 189. That being true, such judgments, apparent from the plain provisions of article 3450, supra, are not to be enforced by executions as in ordinary judgments against persons in esse, although that right was early asserted and denied. Bason, Adm'x, v. Hughart, 2 Tex. 476. The remedy for enforcing payment of claims, whether established by judgment after rejection or by allowance and approval, if there be funds or estate which may be subjected to that purpose, is adequate and ample, as will appear from an examination of the statutory provisions in that respect. As a consequence such judgments cannot in the sense of the ordinary judgment ever become dormant. For the purpose for which they were rendered they never become dormant or barred by limitation, and execution to preserve their efficiency and force is unnecessary. Wygal v. Myers, 76 Tex. 598, 13 S. W. 567. If there be no property or funds which should be applied in payment of the claim as classified, those owning the claim have no further rights under the judgment, since they cannot proceed further against the decedent.

The judgment is affirmed.

