## DENTON et al. v. MEADOR. (No. 2414.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 21, 1925.)

1. Courts ⊂⊃472(4)—Probate court has exclusive jurisdiction to allow claim against homestead, and order property sold for payment thereof and discharge of vendor's lien.

Though homestead is no part of decedent's estate for administration and payment of debts generally, probate court has exclusive jurisdiction to pass on validity and allow claim secured by vendor's or other constitutional lien, and order property sold for payment thereof and discharge of lien, with certain exceptions.

2. Executors and administrators ⊂⊃3(3)—Necessary to enable creditor to subject deceased's property to payment of debt.

Generally there must be an executor or administrator representing estate to enable creditor to bring suit to subject property of deceased debtor to payment of debt.

3. Limitation of actions ⊂⊃83(2)—Suit filed less than month after close of administration for balance due on claim allowed by probate court not barred.

Presentation of claim and vendor's lien to administrator, and filing and allowance thereof by probate court, suspends running of statutes pending administration, and suit filed, less than month after close of administration and discharge of administrator, to recover balance due and foreclose lien is not barred.

4. Executors and administrators ⊂⊃237—Order approving claim against estate cannot be collaterally attacked in suit against decedent's heirs for balance due.

Though affidavit to claim against estate is wholly insufficient to support order approving it and directing payment, judgment cannot be assailed on such ground in suit against deceased's heirs for balance due and to foreclose vendor's lien; such suit being collateral attack, on which all presumptions are conclusively in favor of judgment.

---

⊂⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from District Court, Childress County; R. L. Templeton, Judge.

Action by R. C. Meador against John Denton and others. Judgment for plaintiff, and defendants appeal. Affirmed.

E. E. Diggs, of Childress, for appellants.

HALL, C. J. On the 30th day of October, 1915, Fritz Feige purchased two town lots in the city of Childress from H. S. Davis, executing as part payment two notes in the sum of $500 each, due respectively April 30, 1916, and October 30, 1916. An express lien was retained in the deed for the payment of the notes. Fritz Feige died February 26, 1917, intestate; his wife died November 10, 1917, intestate, leaving four children, viz., Irma Feige Denton, Morie Feige Owen, Frieda Feige Sherwood and Miss Bertha Feige. The appellee, as the assignee of said notes before maturity, instituted this suit against Miss Bertha Feige and her married sisters, making the husbands of said sisters respectively all parties defendant, to recover a balance due upon said notes, and to foreclose the vendor's lien upon the lots. He alleges that the decedents left community property consisting in part of the above-mentioned lots; that on December 4, 1917, W. A. Bond was appointed temporary administrator, which appointment was made permanent on the 14th day of January, 1918; that thereafter Bond resigned, and, on the 20th day of July, 1918, J. H. Aynesworth was appointed administrator, and, on the 18th day of October, 1922, the said Aynesworth having resigned, E. E. Diggs was appointed administrator, and that on the 18th day of October, 1923, the administration was closed, and Diggs, as administrator, was discharged. He further alleges that he filed his notes with the administrator on September 10, 1918; that his claim was approved and allowed by the administrator, and on the same day filed with the county clerk of Childress county; that on the 25th day of October, 1918, the claim was duly docketed, and approved by the county judge on the 26th day of October, 1918, in the sum of $1,267.34; that plaintiff received from the administrator $800 on May 13, 1920, $250 on April 23, 1923, and $214 on October 18, 1923, leaving a balance due of $495.47; that by the approval of the claim by the administrator, the placing of the same on the claim docket, and its approval by the county judge, said claim became a judgment valid and subsisting against the estate; that the vendor's lien was adjudged a valid lien, and was merged in said judgment, and is subject to foreclosure.

The defendants allege that the lots constituted the homestead of their parents at the time of their death, and that three of said defendants, being at that time unmarried and remaining at home with their parents, inherited said homestead together with their married sister, Mrs. Denton, and that the probate court was without authority to administer upon the property or to render any judgment against it, or to foreclose the lien thereon. They further specifically allege that the notes were presented to the administrator of the estate, allowed by him, and filed by the clerk on the 25th day of October, 1918, placed on the claim docket, and approved by the probate court one day after they were filed with the clerk and after entry upon the claim docket; that the court was without jurisdiction to approve the claim until after the expiration of ten days from the day it had been filed, and for a period of ten days prior to the first day of that term of the court after the filing by the clerk. Wherefore the approval of the court was null and void and of no force or effect as a judgment. They further allege that the notes, when presented for filing, were not accompanied by an affidavit in writing, signed by the plaintiff, or his agent or attorney, stating that the claim was just; that all legal offsets, payments, and credits known to affiant had been allowed; that the affidavit attached to the claim was signed by one J. M. Crews and did not state that the affiant was cognizant of facts contained in his affidavit; that, because of such defective affidavit, the attempted allowance and approval of the claim by the probate judge was void and of no force and effect, and that the lien attempted to be merged into the order is not subject to foreclosure, and is also void; that each of said notes matured more than four years next before the filing of this suit, and are therefore barred by the statute of limitation, together with the lien reserved in the deed to secure them.

The plaintiff, by supplemental petition, alleges that the defendants took the property in question subject to his vendor's lien, and that they recognized his right by their motion in the county and district court to have same set aside as a homestead; that defendants, by appearing in the probate court to have the homestead set aside to them, recognized the vendor's lien as a valid existing lien against the property; that no question was ever raised in the probate court as to its jurisdiction over the matter; that plaintiff's claim was pending in said court from the time it was filed until the administration was closed, and payments were being made thereon during that time, by reason of which the statute of limitation did not begin to run against the claim until the administration was closed. He alleges that no suit could have been brought by him on the notes and for a foreclosure until the order of the probate court setting aside the homestead had been carried out, and all other property of the estate exhausted; that because no action was ever taken to set aside the approval of the claim by the probate

court, and because the claim was at all times treated by both the county and district courts as though it had been proven as required by law, defendants were estopped to plead the bar of limitation; that the statute of limitation was suspended while the claim was pending in the probate court, and that this suit was filed within one month after the administration closed.

A trial before the court without a jury resulted in a judgment for plaintiff for the amount of his claim, foreclosure of the vendor's lien upon the property, and directing the issuance of an order of sale. In his findings of fact, the court recites that Bertha and Frieda Feige and Morie Owen presented their petition in the probate court at the April term, 1919, saying that they were using and occupying the property as their homestead, and asked that it be set aside as such; that the husband of Morie Owen was then in the army; that the lots were not exempt from forced sale; that they recognized the notes and lien as valid; that the claim had been allowed and approved as a fourth-class claim against the estate, and, further, said that they desired that the notes be paid out of other property of the estate, and that the lots be set aside as their homestead, and that they prosecuted their petition in the district court on appeal, and that Mrs. Denton acquiesced in such proceedings; that plaintiff was led to believe by virtue of said proceedings that his claim would be paid; that the parties defendant acquiesced in this; and that plaintiff relied upon the proceedings of the administration for the satisfaction and payment of his claim. The court concludes as a matter of law, as follows:

"That said claim of plaintiff was not barred by limitation; that the allowance of said claim by the county court corrected, or had the effect of a judgment; that the defendants are estopped from setting up the plea of limitation in said suit; and that plaintiff is entitled to have his debt and the foreclosure of the vendor's lien on said land."

[1] The contention of appellant that the homestead is no part of the estate of a decedent for administration and the payment of debts generally may be conceded as correct, still, if there are valid debts against it secured by a vendor's lien or such other liens as the Constitution permits, the probate court has exclusive jurisdiction to pass upon the validity of and allow the claim and to order the property sold for the payment thereof and the discharge of the lien. Fryckberg v. Scott (Tex. Civ. App.) 218 S. W. 21; Ralston v. Stainbrook (Tex. Civ. App.) 187 S. W. 413; Wallace v. Du Bose (Tex. Civ. App.) 242 S. W. 351, and the numerous authorities therein cited. Exceptions to this rule are recognized, among them being cases where there are equities and claims to be adjusted and settlements made of which the probate court has no jurisdiction, and where there is no administration and no necessity therefor. Cannon v. McDaniel, 46 Tex. 303; Stewart v. Webb (Tex. Civ. App.) 156 S. W. 537; George v. Ryon, 94 Tex. 317, 60 S. W. 427; Kimmons v. Abraham (Tex. Civ. App.) 176 S. W. 671; Slavin v. Greever (Tex. Civ. App.) 209 S. W. 479.

[2] "The rule of law is that necessity for administration must be presumed in every case unless facts be shown that make it an exception to the general rule (Green v. Rugely, 23 Tex. 539), and in the same case it is laid down, 'that as a general rule there must be an executor or administrator representing an estate to enable a creditor to bring a suit to subject the property of a deceased debtor to the payment of his debt,'" Webster v. Willis, 56 Tex. 474; Whitmire v. Bank (Tex. Civ. App.) 97 S. W. 512; Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501; Farmers' Nat. Bank v. Crumley (Tex. Civ. App.) 204 S. W. 358; Hensel v. International Bldg. & L. Ass'n, 85 Tex. 215, 20 S. W. 116. The facts of the instant case do not bring it within any of the exceptions.

[3] When the appellee presented his claim and lien to the administrator and had them filed and allowed by the probate court, such action had the effect of suspending the running of the statutes of limitation during the pendency of the administration (Herbert v. Harbert [Tex. Civ. App.] 59 S. W. 594; Hays v. Tilson, 18 Tex. Civ. App. 610, 45 S. W. 479), and since this suit was filed in less than one month after the administration was closed, and the administrator discharged, the plea of limitation was properly overruled.

[4] Appellant further insists, because the affidavit to the claim was not in compliance with the statutory requirements, that the order of the court in approving it and ordering the claim paid is a nullity. It may be admitted that the affidavit is wholly insufficient to support the order of the court, still the judgment cannot be assailed upon that ground except by a direct proceeding brought in that court for the purpose of setting it aside. This is a collateral attack upon the judgment (Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325), and in such case all presumptions are conclusively in favor of its validity. Cannon v. McDaniel, supra; Williams v. Robinson, 63 Tex. 576; Bloom v. Oliver, 56 Tex. Civ. App. 391, 120 S. W. 1101; Fryckberg v. Scott, supra; Krawietz v. Kneiski (Tex. Civ. App.) 236 S. W. 805; Howard v. Johnson, 69 Tex. 655, 7 S. W. 522.

The judgment is affirmed.