THE WESTERN MORTGAGE AND INVESTMENT COMPANY v. W. T. JACKMAN, ADMINISTRATOR, ET AL.

No. 6520.

1. **Rejection of Lien by Administrator.**—The refusal of an administrator to recognize a lien upon a part of the land claimed to be subject to a mortgage, the claim for money being allowed, did not authorize the holder of the secured claim to sue in the District Court to subject the entire land to the payment of the debt secured by the mortgage.

2. **Right to Sue Administrator on Rejected Money Claim.**—Under the Revised Statutes it is only where a claim for money against the estate of a deceased person has been rejected by the administrator that the holder of the claim is entitled to bring an independent suit for its establishment. Art. 2028.

3. **Claim for Money—Lien.**—A claim for money means literally the claim that a debt exists. A claim for a lien is something more—a claim not only that there is a debt, but also that a lien exists for its enforcement.

4. **Approval of Claim for Money.** — Upon the approval of a claim for money against the estate the law classifies it with others, and the Probate Court, upon application of the holder of such claim, will make the necessary orders to enforce payment by sale of property which may then be held subject to such claim.

5. **Power of Administrator in Allowing Claims.**—The power of an administrator extends no further upon claims presented to him than to allow or to reject; he can pass only upon the question of indebtedness.

6. **Jurisdiction of District Courts in Suits Against Estates.**—The District Court has no jurisdiction in a suit by the holder of an approved claim seeking an order subjecting mortgaged lands to the claim upon the rejection of the lien in part by the administrator.

APPEAL from Hays. Tried below before Hon. H. Teichmueller.

The opinion gives a statement.

*S. Fisher* and *Brown & Beasley*, for appellant. — 1. When a secured claim is presented to an administrator for allowance, and he allows the money demand but rejects the lien that secures it, this amounts in law to such a rejection of the claim as authorizes suit for its establishment. Cannon v. McDaniel, 46 Texas, 308; Danzey v. Swinney, 7 Texas, 627; Crosby v. McWillie, 11 Texas, 94; Robertson v. Paul, 16 Texas, 475; Converse & Co. v. Sorley, 39 Texas, 527; Cunningham v. Taylor, 20 Texas, 128–130; Eastham v. Sallis, 60 Texas, 579.

2. If the mortgage lien that secures a debt be made part of the instrument that evidences the debt by recitals in the instrument, then the lien as well as the debt it secures should be presented to the administrator for allowance, and his rejection of the lien or a part thereof, though he might allow the debt, would be such a rejection of the claim as would authorize a suit for its establishment. Danzey v. Swinney, 7 Texas, 627; Eastham v. Sallis, 60 Texas, 579; Gibson v. Hale, 57 Texas, 406–408; Williams v. Robinson, 63 Texas, 576.

*W. O. Hutchison* and *Denman & Franklin*, for appellees.—Suit can not be brought against an estate upon a moneyed demand until same has been presented to the administrator and by him rejected in whole or in part. The administrator is not required to either allow or reject a lien securing a claim presented to him for allowance, and a denial that certain property is subject to such lien is not a rejection of the claim in whole or in part. It is the duty of the County Court to classify claims against estates and to decide whether they are secured or unsecured. Appellant should have proceeded in the County Court to foreclose its lien, if any it has. This court has no jurisdiction of the subject matter of this suit. Rev. Stats., arts. 2022–2028, 2036, 2067; Porter v. Sweeney, 61 Texas, 213; Eastham v. Sallis, 60 Texas, 576; Mullins v. Yarborough, 44 Texas, 14.

GAINES, Associate Justice.—A demurrer to the petition in this case was sustained upon the ground that the court did not have jurisdiction of the cause of action. Whether that ruling be correct or not is the sole question presented upon this appeal.

In 1885 S. D. Jackman executed a promissory note payable to the appellant, the plaintiff in the court below, and in order to secure its payment at the same time executed a mortgage upon a tract of land which is described in the petition. He subsequently died and appellee W. T. Jackman was appointed and qualified as administrator of his estate. Default having been made in the payment of the interest upon the note, and the debt having become due according to the terms of the contract, the appellant presented the note and mortgage duly verified for allowance to the administrator, who placed upon it the following endorsement:

" Presented on the 8th day of October, 1887, and examined and allowed

to be paid in due course of administration, but the lien given on the 200 acres of land set apart as a homestead is rejected, and also the lien on the undivided half interest in the remainder of the land that belongs to the children of S. D. Jackman by his first marriage.

[Signed]                                        "W. T. JACKMAN,

"Administrator of S. D. Jackman, deceased."

The mortgaged premises embrace 1500 acres, but at the time the claim was presented 200 acres thereof had been set apart to an unmarried daughter and four minor children of the deceased as his homestead by the County Court of Hays County. The land was acquired during the existence of the relation of husband and wife between S. D. Jackman and the mother of the defendants, who are their children. The mortgage was executed after the death of the wife. The administrator of the deceased husband and the heirs of the deceased wife were all made parties defendant, and the petition, after alleging the facts as above stated, prayed for a judgment for the debt and interest, for the establishment of a lien upon the entire tract of land, and for its foreclosure by a sale by the administrator for the satisfaction of the judgment, and for general relief. The petition contained other averments intended to show that the entire tract of land was subject to the mortgage, but in the view we take of the case these need not be further noticed.

It is seen from the statement just made that according to the allegations of the petition the administrator allowed the claim for the debt, but rejected the claim for the lien as to a part of the premises upon which the mortgage was executed. The question is, did the refusal of the administrator to recognize a lien upon a part of the land claimed to be subject to the mortgage authorize the plaintiff to sue in the District Court to subject the entire land to the payment of the debt? So far as we have been able to ascertain the question has never been distinctly decided by this court. It depends upon the proper construction of articles 2018 and 2028 of the Revised Statues, which, so far as this question is concerned, are the same as the corresponding provisions of the Act of 1848.

Under the Revised Statutes it is only when "a claim for money" against the estate of a deceased person has been rejected by the administrator that the holder of the claim is entitled to bring an independent suit for its establishment. Art. 2028. The language of article 2018 is: "No executor or administrator shall allow any claim for money against his testator or intestate, nor shall the county judge approve the same, unless the same is accompanied by affidavit in writing," etc. Article 2028 provides that "when any claim for money against an estate has been rejected by an executor or administrator, either in whole or in part, the owner may bring suit to establish it in any court having jurisdiction," etc. If the words "claim for money" mean not only the debt but also any lien that may exist for securing its payment, then it would seem that the rejection of the

lien, either in whole or in part, would authorize the bringing of an ordinary action for its establishment in any court having jurisdiction under the Constitution. But to our minds these terms exclude the idea that the lien was intended to be embraced. A claim for money means literally the claim that a debt exists; a claim for a lien is something more—a claim not only that there is a debt, but also that a lien exists for its enforcement. The lien is no part of the debt; it is a mere incident of the claim for the money.

In Cannon v. McDaniel, 46 Texas, 306, it is said to be the better practice to present a mortgage with the claim to the administrator, but the purpose suggested for that course is merely "to apprise the administrator and the court of its existence." That case is authority for the proposition that it is not necessary to make such presentation in order to give the County Court jurisdiction to enforce the lien. The statement of the case shows that the debt only had been presented, allowed, and approved, and yet it was held that the County Court, and that court alone, had jurisdiction to establish the lien and to order a sale of the land for its enforcement.

The ruling in Cunningham v. Taylor, 20 Texas, 126, is to the same effect. Without an allowance by the administrator of a claim or its establishment by a court of competent jurisdiction after its rejection the County Court has no power to approve it or to order its payment. It would seem, therefore, that if he has power to reject a mortgage intended to secure a debt against an estate, without his allowance the County Court would acquire no jurisdiction to order a sale for its enforcement. Yet in Cannon v. McDaniel, *supra*, it is distinctly held that the County Court could enforce the mortgage, although it had not been presented to the administrator with the claim secured by it.

The language of the article of the Revised Statutes which confers authority upon the County Court to sell property of an estate subject to a mortgage or other lien is also significant. "Any creditor of a deceased person holding a claim secured by a mortgage or other lien, which *claim* has been allowed and approved or established by suit, may obtain at a regular term of the court, from the County Court of the county where the letters testamentary or of administration were granted, an order for the sale of the property upon which he has such mortgage or other lien," etc. Rev. Stat., art. 2067. This clearly distinguishes the claim from the mortgage by which it is secured, and indicates that the claim only need be allowed and approved or established by suit.

If we should hold that the administrator has power to reject a lien in whole or in part and to compel the lien holder to resort to an ordinary action for its enforcement, we see no reason why the same ruling should not apply to all other claims which are given preference by the statute. Yet we know of no case in which the right of the administrator to pass upon the question of preference has been recognized.

Our opinion is that in passing upon a claim the administrator is authorized to pass upon the question of indebtedness only, and that the power of classifying the claims, including those for the payment of which a lien upon property is asserted, devolves upon the court.

We conclude that the claim for money against the estate having been allowed by the administrator, the plaintiff should have proceeded in the County Court to have its claim approved and to enforce its lien, and that the District Court did not have jurisdiction of the cause. The court below did not err in so holding.

What we decide here is that the District Court has no jurisdiction of the cause of action as now presented. If as a measure of safety the plaintiff has caused its claim to be approved by the County Court in due time, then that court has authority to determine the question of the exemption of the homestead and to order a sale of the mortgagor's interest in the land to pay the debt. It may be that in order to subject the interest of the deceased wife upon the ground that the money was borrowed to pay community debts, a resort to the District Court will be proper.

The judgment is affirmed.

*Affirmed.*

Delivered June 13, 1890.