### JAMES MOORE v. BELL GLASS ET AL.

#### No. 534.

1. **Vendor's Lien, Assignment of.**—A remote assignee of a vendor's lien note having presented his claim as a moneyed demand against the estate of the maker of the note, afterwards had a transfer for the land from the original vendors made to him. Such assignee was not in an attitude to sue for the land. The original vendors, upon assigning the note for purchase money, had no title thereafter in the land, and their deed for the land subsequently made conveyed no title.

2. **Probate Court—Administration.**—The Probate Court in a pending administration has exclusive original jurisdiction over claims and liens against the estate. The remedy upon rejection of the lien by the administrator is in the Probate Court.

3. **Same.**—The District Courts have no jurisdiction over the management of an estate in administration except on appeal.

APPEAL from Hamilton. Tried below before Hon. C. K. BELL.

*G. R. Freeman,* for appellant.—A widow's allowances in lieu of a homestead and of exempt property can not be paid out of lands subject to a vendor's lien until the debt secured by the lien is paid. Rev. Stats., art. 2000.

A widow's allowance, if a sale were to be made under a mortgage of real estate, would have preference to payment out of the proceeds over the mortgage debt. Rev. Stats., art 2039, sec. 2.

The District Court has express and exclusive jurisdiction to enforce liens upon land. Const., art. 5, secs. 16, 22; Rev. Stats., art. 1117, secs. 4, 6.

On absence of jurisdiction of the County Court of Hamilton County to enforce such liens: Const., art. 5, secs. 8, 16, 22; Rev. Stats., arts. 1117, 1164; Acts 16th Leg., p. 68, secs. 1, 2.

The statute allowing County Court to enforce liens on land did not conform to the jurisdiction of the District Court, and is void. Rev. Stats., arts. 2067, 2050–2086; Const., art. 5, sec. 22.

The above cited articles of the Constitution and Revised Statutes give to the District and deny to the County Court jurisdiction to enforce vendors' liens where the vendee is dead. Erwin v. Blanks, 60 Texas, 584.

There were good grounds for bringing this suit in the District Court, outside of the recovery of the land or the naked enforcement of a lien upon the land. Cannon v. McDaniel, 46 Texas, 312.

The decisions of the Supreme Court hitherto as to the jurisdiction of the District Court and County Court to enforce such liens did not inquire into the constitutionality of such jurisdiction under the present Constitution, but were rendered upon the construction of the statutes without respect to the Constitution. Mortgage Co. v. Jackman, 77 Texas, 623.

*J. A. Eidson,* for appellees, cited: McCamley v. Waterhouse, 80 Texas, 340; Ogburn v. Whitlow, 80 Texas, 239; Mortgage Co. v. Jackman, 77 Texas, 622; Rev. Stats., art. 2028, 2067; Cannon v. McDaniel, 46 Texas, 306.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by appellant, James Moore, against Bell Glass, as administratrix of the estate of T. A. Glass, deceased (who died November 21, 1887, Bell Glass, his surviving wife, having been appointed administratrix of his estate in Hamilton County, on the 18th day of January, 1888), and in her individual capacity; Alberta Glass; Mrs. Willie Platt and her husband, Robert J. Platt; Pauline Randle and her husband, Robert Randle; Oakley Glass, Mays Glass, A. E. Pierson, and W. S. Pierson (all of the defendants children and descendants of children heirs of T. A. Glass, deceased, except Bell Glass, the Piersons, and the husbands named), to recover two certain tracts

of land, plaintiff declaring himself to be the owner. Prayer for recovery of the land, damages for fraud against Bell and Alberta Glass, and in the alternative for amount of note alleged to be a vendor's lien upon the land, foreclosure, sale, and application of proceeds to the note. No judgment for the land is asked against the Piersons.

Bell and Alberta Glass filed demurrers and exceptions, raising questions herein after noticed as to the sufficiency of the petition, general denial, etc. Other defendants failed to answer, against whom, except the Piersons, judgment by default was taken as prayed for.

The court sustained the exceptions of Bell and Alberta Glass to the petition and supplemental petition, so far as plaintiff sought a recovery of the land from them, and so far as he asked a foreclosure of his lien on the land against them, the court holding that it had no jurisdiction on the latter question. As to them—Mrs. Glass, as an individual and as administratrix, and Alberta Glass—the case was dismissed. Plaintiff has appealed and assigned errors.

The facts alleged by the plaintiff are as follows: On the 20th day of July, 1885, defendant A. E. Pierson and her husband, W. S. Pierson, conveyed to T. A. Glass the two tracts of land in controversy, expressly retaining a vendor's lien upon the land to secure the payment of two purchase money notes of the same date, which also reserved the lien; one note for $500, due November 3, 1885, and the other for $820, due November 3, 1886. The $500 note is alleged to be unpaid, so far as plaintiff is informed. The other note, for $820, was endorsed by the Piersons to Henry Sayles, March 25, 1886, by him endorsed to Lou Moore without recourse, and by Lou Moore to James Moore, the plaintiff, without recourse. On this note there were payments, November 10, 1886, $272.30; November 20, 1887, $313.

T. A. Glass died November 19, 1887. Defendant Bell Glass, his surviving wife, administered on his estate on January 18, 1888. Plaintiff presented the note, duly authenticated, for balance due, to the administratrix on April 17, 1889, who allowed it as a claim against the estate, but rejected it as a lien upon the land. The Probate Court set apart and allowed the surviving wife in lieu of exempt personal property $380, and $2000 in lieu of a homestead, and in the language of the petition, "In order to realize, she proceeded to claim said lands without payment of said purchase money note, and has not only fraudulently and unconscionably appropriated the rents and profits of said lands to the payment of the expenses of administration of said estate and to meet in part her said allowances, and refused to pay any part of the purchase money due on said note, and expressly denied its lien on said lands, but she and Alberta Glass, fraudulently colluding together for her benefit, and knowing the facts which are here alleged, to-wit, that there was a vendor's lien upon said lands in favor of plaintiff to secure payment of said notes retained as afore-

said, and that the equitable right to said lands had not vested in said estate of T. A. Glass, because the same had not been paid for, and that the legal title to the same had never passed to said estate, and that because of the vendor's lien upon said lands existing in favor of the plaintiff the said lands were forbidden by the statute law to be appropriated to make up the aforesaid large allowances to said Bell Glass in lieu of exempt property, he, the said Alberta Glass, fraudulently and unlawfully applied to the Probate Court of Hamilton County to order the sale of the larger of said tracts of land by said Bell Glass as administratrix of said estate under his alleged mortgage, and at the same time unlawfully sued this plaintiff and forced him by citation to defend in said court, and prayed the said court, in substance, to give his claim precedence as a lien upon said land over plaintiff's claim for purchase money, well knowing what is here alleged, that said court had no jurisdiction of such proceedings, but thereby unlawfully casting a cloud upon the title to said land, harassing, troubling, and putting to cost and expense the plaintiff, to his great damage in the sum of $500, well knowing that if said land should be so sold the claim of the said Bell Glass to said large allowances as surviving wife would have preference and precedence over his own claim as to the proceeds of such sale, and would consume the whole of the proceeds, and intending and expecting that thus they would be enabled to convert unlawfully the said lands to her use and benefit by this collusive and fraudulent method, without paying the purchase money for said land, and they are co-operating and working together for this purpose; and they have brought the claim of plaintiff and the lien originally his to secure the same into disrepute, and well nigh destroyed its marketable value, to plaintiff's great damage in the sum of $500."

The petition also alleged that the administratrix had fraudulently concealed her appointment as administratrix from plaintiff, as an excuse for not presenting his claim within one year after the grant of letters; and further, that on the 19th day of June, 1889, he being the owner of the note for $820, the Piersons being the legal and equitable owners of the land, they for a valuable consideration conveyed the same to him, whereby he became the owner thereof.

In addition to demurrer and exceptions, defendants Mrs. Bell Glass and Alberta Glass answered by general denial; payment to the Piersons of the $500 note, principal and interest; payment to plaintiff of $274, November 10, 1886, and $313, November 20, 1887, on the $820 note; publication of notices of administration. Other defenses were set up, which need not be noticed.

Plaintiff replied, stating that the acceptance of partial payments by him after maturity of his claim was with no intention of a waiver of any right he had, and that it was done at the special request of T. A. Glass for indulgence. Some other allegations before made were repeated.

*Opinion.*—1.  All of appellant's assignments of error will be disposed of in the following conclusions:

The petition did not authorize a recovery against Mrs. Glass and Alberta Glass as sued, and there was no error in dismissing the suit as to them.

Plaintiff was not in an attitude to sue for the land.

When the Piersons assigned and endorsed the note for part of the purchase money, no title to the land was left in them.  The assignment of the note carried the right in the holder to foreclose the lien, and they could not afterwards convey any title to the land.  Any title they had was extinguished by the assignment of the note.

If the purchase money notes for land be assigned, and at the same time the land is conveyed to the holder, the original deed of sale reserving a vendor's lien, the holder and purchaser, it may be, could, under proper circumstances, have the sale rescinded and recover the land; but where the notes, or one of them, for balance due, is transferred, as in this case, no such title is left in the vendor as will support an action by him for the land.  He has been paid.  If he be reinvested with the ownership of the note, he owns only the debt and lien, with the right of foreclosure as a mortgagee.  He has upon assignment of the note no descendible title. Cassaday v. Frankland, 55 Texas, 452; Cassaday v. Frankland, 62 Texas, 418; McCamley v. Waterhouse, 80 Texas, 341–343.

Plaintiff had no title to the land, but only a vendor's lien note with right of foreclosure.  He purchased the alleged title to the land in the Piersons after the note had been by him presented and allowed as a claim for money against the estate of T. A. Glass.  Such purchase vested in him no title to the land.

2.  It is not for us to say, under the circumstances of this suit, whether he lost the lien or postponed it by failure to present it within the year after the grant of letters, until after payment of other claims presented and allowed in time, and the allowance made to the widow.  That question is not before us.  It is one to be determined primarily by the Probate Court.

3.  The court below was correct in holding that it had no jurisdiction to entertain plaintiff's suit to foreclose the lien.  The claim for the debt was allowed by the administratrix.  The remedy, upon rejection of the lien, was not by suit in the District Court, but in the Probate Court. Western Mortgage Investment Co. v. Jackman, 77 Texas, 622; Rev. Stats., arts. 2028, 2042.

4.  The facts alleged by plaintiff do not amount to fraud.  The matters complained of were cognizable by the Probate Court, and if injustice should there be done, plaintiff could appeal to the District Court.  Rev. Stats., art. 2200.  The District Court has no jurisdiction over the management of an estate in administration—the classification of claims, al-

lowances to the widow, and priority of payments, etc.—except upon appeal. Franks v. Chapman, 60 Texas, 46; Heath v. Layne, 62 Texas, 686.

5. The suit was not to obtain judgment against the Piersons as endorsers of the note, but as parties supposed to hold the unpaid note for $500—as mere formal parties, to bind them by the judgment sought by plaintiff affecting the land. There are no averments by plaintiff claiming that they are liable as endorsers, and no prayer to that effect. Appellant did not call the attention of the lower court to this subject, or object to the judgment because he was not allowed to recover judgment against them as endorsers. The assignment upon this point can not be sustained.

The judgment in the lower court is affirmed.

*Affirmed.*

Delivered February 7, 1894.