### A. P. GEORGE ET AL. v. V. M. RYON, ADMINISTRATRIX.

No. 965. Decided January 24, 1901.

**1. Estates of Decedents—Lien—Jurisdiction—District Court.**

Where a claim against an estate, secured by lien, being rejected by the administratrix, was sued on in the district court without asking foreclosure or adjudication of its lien there, that court had jurisdiction to try the validity of the lien upon an answer of the administratrix, the surviving wife, asserting that it was invalid because given on the homestead, and asking for its cancellation and removal of cloud on title. (Pp. 320, 321.)

**2. Same.**

Plaintiff in suing to establish his rejected debt could also have sought an establishment of the lien claimed by him, and the defendant could have put in issue both the debt and lien; the district court having jurisdiction to determine both issues, the fact that plaintiff did not seek to fix the lien would not prevent defendant from invoking action upon it. Perhaps, also, defendant in her own right had an independent cause of action against plaintiff to free the homestead from the lien, of which the court had jurisdiction when asserted on cross-petition. (Pp. 321, 322.)

**3. Estates—Establishment of Claims and Liens Against.**

It seems that the decisions of the Supreme Court establish these propositions:

(a) That when a claim for money against an estate, secured by lien on land of the estate, has been established by allowance by the administrator and approval by the probate court, the lien must be enforced through that court, under the law

regulating administrations. Cannon v. McDaniel, 46 Texas, 303; Cunningham v. Taylor, 20 Texas, 128.

(b) When the claim for money has been allowed, and the lien denied by the administrator, suit can not be maintained in the district court to establish the lien, inasmuch as the action of the administrator can not affect it, and the claimant still has his complete remedy in the probate court for its enforcement. Western Mortgage and Investment Co. v. Jackman, 77 Texas, 622.

(c) In such cases, however, the claimant may have some legal or equitable right connected with his claim for the adjudication of which the powers of the probate court are inadequate and for the enforcement of which suit may be maintained in the district court. Cannon v. McDaniel, supra.

(d) Where the claim for money has been rejected by the administrator and the claimant forced to sue for its establishment, he may secure in the district court judgment, not only for the debt, but for the establishment of his lien. Jenkins v. Cain, 12 S. W. Rep., 1114; Cunningham v. Taylor, supra; Perkins v. Sterne, 23 Texas, 564. (P. 321.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the First District, in an appeal from Fort Bend County.

*Peareson & Wharton,* for appellants.—This being a suit to establish a rejected claim against a decedent's estate, the court has no jurisdiction to determine the status of the property embraced in deed of trust given to secure the said claim, and the affirmative plea of defendant to remove cloud from title could not be maintained therein. Mortgage Co. v. Jackman, 77 Texas, 622.

The district court had no jurisdiction to determine the question whether the claim sued on by said appellants was secured by a lien on land, no jurisdiction to determine whether or not the land upon which lien was claimed was the homestead of defendant, no jurisdiction to release said land from said lien, and the court erred in submitting that question to the jury. Mortgage Co. v. Jackman, 77 Texas, 622.

*J. C.* and *T. E. Mitchell,* for appellee.—The district court has jurisdiction to foreclose a mortgage lien on land against the surviving wife and heirs of an intestate, given by him in his lifetime and owned by him at the time of his death and inherited by such wife and heirs and belonging to them. But the district court would not have jurisdiction to foreclose a mortgage or other lien on the lands belonging to the estate of such decedent against his administrator as such, for the reason that upon the death of an intestate the title to his lands, belonging to him at the time of his death, descend to and vest in his heirs and not in his administrator, who, as such, acquires nor inherits any title to such lands.

The district court has jurisdiction to foreclose a mortgage or other lien on land that constituted the homestead of the intestate at the time of his death against the surviving wife or heirs of such intestate, that could have been foreclosed against such decedent at the time of his death, even when no personal judgment is sought or prayed for against such wife or heirs; for the homestead constitutes no part of the estate

of an intestate when constituents of his family survive, and is not subject to administration.

In a suit against an administrator to recover a mortgage debt secured by a lien on land belonging to estate of the intestate when neither the mortgage lien is plead nor a foreclosure prayed for against the surviving wife and heirs of such intestate, nor its establishment prayed for against such estate, the district court would have jurisdiction to establish such mortgage against such administrator, but would not have jurisdiction to foreclose such lien on such land against the surviving wife or heirs nor establish such lien against such administrator and estate of decedent.

In a suit to recover a mortgage debt of an intestate against his surviving wife as his administratrix, when such debt is alleged as well as the mortgage lien and a recovery is sought on the debt against such wife as administratrix of such estate, and a foreclosure of the lien is sought against her, not as administratrix, but as the surviving wife and heir of such intestate, then the district court would have jurisdiction not only to establish the debt against her as such administratrix, but also to foreclose the lien against her on the land as such heir and surviving wife of the intestate.

When land, the separate property of the husband or the community property of the husband and wife, becomes the homestead of such husband and wife during marriage, after the same is mortgaged by the husband to secure the payment of a debt, and remains the homestead of such husband and wife up to the time of the death of said husband, then upon the death of said husband his homestead interest in said land descends to his surviving wife and heirs and vests in them, and would not be subject to the administration of the estate of the deceased husband. And in a suit to recover the mortgage debt against the administrator of the husband the district court would have jurisdiction to foreclose the mortgage lien against the surviving wife and heirs of the deceased mortgagor on the interest held by them in the land subordinate to the mortgage lien.

Authorities under all foregoing propositions: Carlton v. Miller, 2 Texas Civ. App., 619; Solomon v. Skinner, 82 Texas, 345; Telschow v. House, 10 Texas Civ. App., 672; Mortgage Co. v. Jackman, 77 Texas, 622; Moore v. Glass, 6 Texas Civ. App., 368; 2 Jones on Mort., pp. 155 and 1214a; Phillips v. Phillips, 57 S. W. Rep., 59.

The heirs of a deceased mortgagor are necessary parties defendant in a suit to foreclose a mortgage given on the land of which the deceased mortgagor died seized and possessed. 2 Jones on Mort., sec. 1414; 8 Am. and Eng. Enc. of Law, 214, 215.

When a mortgage debt and lien on land securing it are both rejected by an administrator, the district court would have jurisdiction to establish not only the debt but also the lien against such estate. Jenkins v. Cain, 12 S. W. Rep., 1114.

WILLIAMS, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals of the First District, as follows:

"The action was brought in the District Court of Fort Bend County by A. P. George and his wife and T. W. Davis against V. M. Ryon, as the administratrix of the estate of J. W. Ryon, deceased, to establish a claim against said estate which had been rejected by the administratrix. The petition set out the claim, which was a note signed by the deceased, and alleged that it was secured by a deed of trust executed by Ryon in his lifetime upon 179 acres of land situated in Fort Bend County. It was alleged that the note and deed of trust had been verified as a claim against the estate and presented to the administratrix for acceptance, but that she had rejected the same. Judgment of the court was prayed establishing the claim, but no foreclosure or adjudication as to the lien was asked for. The administratrix answered denying the validity of the claim, and also personally that she was the surviving wife of the deceased and that the land upon which the deed of trust had been given was the homestead of herself and husband at the time of its execution; that the deed of trust was void, and asked affirmatively for cancellation thereof, and removal of the same as a cloud upon her title. The plaintiffs demurred to that portion of the answer setting up the invalidity of the deed of trust, that the District Court was without jurisdiction to try the question of the lien. The demurrer was overruled by the court and the issue of homestead was submitted to the jury along with the issue as to the validity of the claim. The jury returned a verdict that the note was a just claim against the estate of J. W. Ryon, deceased, but that it was not a lien upon the land, and the court rendered judgment in favor of plaintiffs for $1285.25 principal, with interest thereon from September 1, 1888, at 10 per cent per annum and 10 per cent on principal and interest as attorney fees, to be paid in due course of administration, and further adjudged that the land was not subject to the deed of trust and that plaintiffs take nothing as to same, and released it from the lien. The appellants seek a reversal of the judgment of the court below, adjudging their deed of trust invalid for two reasons: (1) Because the District Court did not have jurisdiction to inquire into the validity of the lien in the suit to establish the note as a claim against the estate, and (2) because the land covered by the deed of trust was not the homestead of the deceased and his wife at the time of its execution and was never their homestead.

"As alleged in the petition, the note and deed of trust therein described were duly verified and presented to the administratrix of the estate of J. W. Ryon, deceased, for acceptance as a claim against said estate. The administratrix rejected the claim in toto both as a money demand and as a lien. The validity of the claim as a demand for money and the execution of the deed of trust were fully shown by the evidence. The questions certified for the decision of the Supreme Court are:

"1. Did the court below err in overruling the demurrer of the plain-

tiffs to the answer of V. M. Ryon, the surviving wife of the deceased, J. W. Ryon, that the land described was the homestead of herself and husband at the time of the execution of the deed of trust; that the deed of trust was void, and praying for the cancellation thereof?

"2. Did the District Court have jurisdiction to try the question of the validity of the deed of trust as a lien upon the land in this suit?

"The attention of the court is invited to the cases of Jenkins v. Cain, 12 Southwestern Reporter, 1114, and the Western Mortgage and Investment Company v. W. T. Jackman et al., admr., etc., 77 Texas, 622."

The District Court had jurisdiction in this suit to try the question of the validity of the deed of trust as a lien upon the land, and did not err in overruling the demurrer asserting the proposition that it was without jurisdiction.

The decisions of this court establish these propositions:

1. That when a claim for money against an estate, secured by a lien on land of the estate, has been established by allowance by the administrator and approval by the probate court, the lien must be enforced through that court, under the law regulating administrations. Cannon v. McDaniel, 46 Texas, 303; Cunningham v. Taylor, 20 Texas, 128.

2. When the claim for money has been allowed, and the lien denied by the administrator, suit can not be maintained in the district court to establish the lien, inasmuch as the action of the administrator can not affect it, and the claimant still has his complete remedy in the probate court for its enforcement. Western Mortgage and Investment Co. v. Jackman, 77 Texas, 622.

3. In such cases, however, the claimant may have some legal or equitable right connected with his claim for the adjudication of which the powers of the probate court are inadequate and for the enforcement of which suit may be maintained in the district court. Cannon v. McDaniel, supra.

4. Where the claim for money has been rejected by the administrator and the claimant forced to sue for its establishment, he may secure in the district court judgment not only for the debt, but for the establishment of his lien. Jenkins v. Cain, 12 S. W. Rep., 1114; Cunningham v. Taylor, supra; Perkins v. Sterne, 23 Texas, 564.

From these propositions, it is evident that the plaintiff, in suing to establish his debt, could also have sought an establishment of the lien claimed by him, and the defendant could have put in issue both the debt and the lien, and hence that the District Court had jurisdiction to determine both issues. The mere fact that plaintiff did not pray for a judgment fixing the lien could not affect the question of jurisdiction. With the case properly before the court, its jurisdiction extended to every part of such case and empowered it to adjudicate all issues properly involved. The lien was an incident of the debt, and therefore so closely connected with the action to establish the debt as to make it proper for the court to pass upon its validity, whether such action was invoked by the plaintiff or defendant. This much may be said of the jurisdic-

tion arising out of the plaintiffs' cause of action. It may be true also that the defendant in her own right had an independent cause of action against plaintiff to free the homestead of the asserted lien, of which the District Court had jurisdiction when asserted by cross-petition. Groesbeck v. Groesbeck, 78 Texas, 688, and authorities cited.