RALSTON v. STAINBROOK et al.
(No. 7225.)

(Court of Civil Appeals of Texas. Galveston. May 26, 1916.)

1. EXECUTORS AND ADMINISTRATORS ☞250— CLAIMS AGAINST ESTATE — JURISDICTION — PROBATE AND DISTRICT COURTS.

The probate court has exclusive, original jurisdiction in a pending administration of claims and liens against the estate, and the remedy upon the administrator's rejection of a lien is in that court, and the district courts have no jurisdiction over the management of the estate, except on appeal.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 893–895; Dec. Dig. ☞250.]

2. EXECUTORS AND ADMINISTRATORS ☞435— CLAIMS AGAINST ESTATE — JURISDICTION — STATUTES.

Under Rev. St. arts. 3443, 3446, 3452, 3450, 3457, and 3488, relating to the presentation of money claims against the executor of an estate, the allowance of such claims, and judgment and execution thereon, the administrator's refusal to recognize a lien upon a part of the land, if a money claim had been allowed, does not authorize the claimant to sue in the district court to subject the land to the payment of the claim.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1716–1725; Dec. Dig. ☞435.]

3. EXECUTORS AND ADMINISTRATORS ☞431(2) —CLAIMS AGAINST ESTATE—JURISDICTION— PROBATE AND DISTRICT COURTS.

The district courts have no jurisdiction of suits against the estates of deceased persons pending administration, unless the claim is for such an amount as would give such court jurisdiction, and not then unless such claim has been first presented to and rejected by the administrator, or unless the claimant has some legal or equitable right connected with his claim for the adjudication of which the power of the probate court is inadequate.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 764, 767, 819; Dec. Dig. ☞431(2).]

Error from District Court, Matagorda County; Samuel J. Styles, Judge.

Suit by Joseph Stainbrook and others against John Ralston, administrator of the estate of Lyda L. Williams, deceased, in which A. M. Walker intervened. Judgment for plaintiff and for intervener with a foreclosure of their respective liens, directing that an order of sale might issue, and the administrator brings error. Reversed, and cause dismissed.

Krause & Wilson, of Bay City, for plaintiff in error. J. W. Conger, of Bay City, for defendants in error.

LANE, J. This suit was originally instituted by Joseph Stainbrook on the 15th day of September, 1914, against John Ralston, administrator of the estate of Lyda L. Williams, deceased, to recover upon a note executed and delivered to him by said Lyda L. Williams on the 17th day of April, 1911, for the sum of $2,200, for interest and attorney's fees as provided for in said note, and for foreclosure of a lien on certain real estate belonging to the estate of Lyda L. Williams created by a deed of trust executed by Lyda L. Williams to secure the payment of said note.

On the 5th day of January, 1915, A. M. Walker intervened in the suit, and alleged that said Lyda L. Williams had on the 24th day of February, 1912, executed and delivered to him her certain promissory note for the sum of $265.74, and that to secure the payment of the same the said Lyda L. Williams had also executed and delivered to him a deed of trust on 4½ acres of the same property on which plaintiff Joseph Stainbrook has a lien. He also alleged that "on the ———— day of ————, 191—," after default had been made in the payment of his said note, the trustee named in said deed of trust had made a legal sale of said 4½ acres of land under the powers conferred upon him by virtue of said deed of trust, that intervener had purchased said land at such sale for $315.50, and that he is the owner of the same subject only to the prior lien of plaintiff Stainbrook. He concludes with a prayer that a sale of all other lands upon which plaintiff Stainbrook has a lien be first made before resorting to a sale of said 4½ acres claimed by him, and that in the event said 4½ acres is finally sold under said Stainbrook's foreclosure, then that any surplus of the proceeds of such sale remaining after Stainbrook is paid be paid upon his debt against said estate of Lyda L. Williams, and that, if said proceeds be not

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sufficient to pay his debt in full, then and in that event he prays that he have judgment for any balance so unpaid against said estate.

It is shown by the petition of plaintiff Stainbrook that Lyda L. Williams died on the 24th day of January, 1914, and that defendant, Ralston, duly and legally qualified as administrator of her estate at the February term, 1914, of the county court of Matagorda county; that he (Stainbrook) had thereafter in proper time and proper manner presented his claim and lien to the administrator, Ralston, for approval; that said administrator had approved and allowed said claim in full, but had expressly refused to recognize his lien. The record does not disclose whether or not intervener presented his claim to the administrator for approval.

John Ralston, administrator, answered, admitting the execution and delivery of the note and deed of trust as alleged by plaintiff Stainbrook, admitted that he had approved said claim in full as a just claim against said estate of Lyda Williams, but refused to approve the lien asserted by plaintiff, for reasons set out in such written refusal.

Upon the foregoing pleas and admissions the case was submitted to the trial court without a jury. Judgment was rendered for both plaintiff and intervener for the amounts prayed for against John Ralston, as administrator of said estate, and for a foreclosure of their respective liens, set up in their pleadings, making intervener's lien subordinate to that of the plaintiff. Said judgment also directs that an order of sale may issue for the seizure and sale of the lands in question, or such parts of the same as is necessary to pay the debts of plaintiff and intervener, etc. From the foregoing judgment John Ralston, administrator, has appealed.

Appellant presents four assignments, all of which may be disposed of by a proper disposition of the first two. Assignments 1 and 2 are as follows:

No 1. "The district court was without original jurisdiction to hear and determine this cause, and for that reason the judgment rendered and entered therein is void."

No. 2. "The district court erred in entertaining said cause and proceeding to judgment, because it lacked jurisdiction in that plaintiff sued defendant as administrator upon an allowed claim against the estate of his intestate, and for foreclosure of a mortgage lien, which was rejected, when such lien could only be enforced in the county court."

There is nothing in the record by plea or otherwise tending to show that intervener, Walker, ever presented his claim to the administrator for approval. Appellee Stainbrook specially and specifically alleges that his claim had been fully allowed by the administrator in writing prior to the institution of this suit, and bases his right to bring this suit in the district court solely upon the grounds that the administrator refused to approve his asserted lien.

[1] The probate court in a pending administration has exclusive original jurisdiction over claims and liens against the estate. The remedy, upon rejection of the lien by the administrator, is in the probate court. The district courts have no jurisdiction over the management of an estate in administration except on appeal. Moore v. Glass et al., 6 Tex. Civ. App. 368, 25 S. W. 128; Western M. & I. Co. v. Jackman, 77 Tex. 622, 14 S. W. 305.

[2] The law applicable to the present case is to be found in the following articles of the Revised Civil Statutes which read as follows:

"Art. 3443. When any claim for money against an estate shall be presented to the executor or administrator, if the same be properly authenticated in the manner required by this chapter, he shall indorse thereon or annex thereto a memorandum in writing signed by him, stating the time of its presentation, and that he allows or rejects the claim, or what portion thereof he allows or rejects, as the case may be."

"Art. 3446. All claims that have been allowed by the executor or administrator and entered upon the claim docket for the period of ten days shall be acted upon by the court at a regular term, and either approved in whole or in part or rejected, as to the court may seem right, and they shall also at the same time be classified by the court."

"Art. 3452. The action of the court in approving or disapproving a claim shall have the force and effect of a final judgment, and when the claimant, or any person interested in the estate, shall be dissatisfied with such action, he may appeal therefrom to the district court, as from other judgments of the county court rendered in probate matters."

"Art. 3450. No execution shall be issued on a judgment obtained in any such suit, but a certified copy of such judgment shall be filed with the clerk of the county court where the estate is pending within thirty days after the rendition of such judgment, and entered upon the claim docket, and shall be classified by the county judge, and have the same force and effect as if the amount thereof had been allowed by the executor or administrator, and approved by the county judge."

"Art. 3457. No judgment shall be rendered in favor of a claimant upon any claim for money which has not been legally presented to the executor or administrator, and rejected by such executor or administrator, either in whole or in part."

"Art. 3488. Any creditor of a deceased person holding a claim secured by mortgage or other lien, which claim has been allowed and approved or established by suit, may obtain at a regular term of the court, from the county court of the county where the letters testamentary or of administration were granted, an order for the sale of the property upon which he has such mortgage or other lien, or so much of said property as may be required to satisfy such claim, by making his application in writing and having such executor or administrator cited to appear and answer the same. And, in case the mortgage or other lien shall be upon real property, the same notice shall be given of said application as is required to obtain an order for the sale of such property."

In the case of Western M. & I. Co. v. Jackman, 77 Tex. 622, 14 S. W. 305, our Supreme Court held that:

"The refusal of an administrator to recognize a lien upon a part of the land claimed to be subject to a mortgage, the claim for money being allowed, did not authorize the holder of the secured claim to sue in the district court to subject the * * * land to the payment of the debt secured by the mortgage.

"Under the Revised Statutes it is only where a claim for money against the estate of a deceased person has been rejected by the administrator that the holder of the claim is entitled to bring an independent suit for its establishment.

"A claim for money means literally the claim that a debt exists. A claim for a lien is something more—a claim not only that there is a debt, but also that a lien exists for its enforcement.

"Upon the approval of a claim for money against the estate the law classifies it with others, and the probate court, upon application of the holder of such claim, will make the necessary orders to enforce payment by sale of property which may then be held subject to such claim.

"The power of an administrator extends no further upon claims presented to him than to allow or to reject; he can pass only upon the question of indebtedness.

"The district court has no jurisdiction in a suit by the holder of an approved claim seeking an order subjecting mortgaged lands to the claim upon the rejection of the lien in part by the administrator."

See, also, Whitmire v. Powell, 117 S. W. 433, and George v. Ryon, 94 Tex. 317, 60 S. W. 427.

[3] It seems to be well settled that the probate court has exclusive original jurisdiction over claims and liens against estates of deceased persons pending administration, and also that the district courts have no jurisdiction to entertain suits against such estates, unless the plaintiff's claim is for such an amount as would give such court jurisdiction, and not then unless such claim had been first presented to the administrator and by him rejected. The district court may, however, in cases where the claimant has some legal or equitable rights connected with his claim for the adjudication of which the powers of the probate court are inadequate, maintain such actions, but only in such cases can such suits be brought in the district courts. Cannon v. McDaniel, 46 Tex. 303; George v. Ryon, 94 Tex. 317, 60 S. W. 427. But there is nothing in the present case which cannot be adjudicated in the probate court; hence the district court had no jurisdiction over the subject-matter of this suit, and the judgment rendered thereby is void.

Having reached the conclusion that the district court of Matagorda county has no jurisdiction over the subject-matter of this suit, and that therefore said judgment rendered in said court is void, such judgment is here reversed, and said cause dismissed.

Reversed and dismissed.

