## O'NEIL et al. v. NORTON et al.

### No. 1365-5514.

Commission of Appeals of Texas, Section A.
June 25, 1930.

Atlas Jones and Marcus W. Davis, both of San Antonio, Ditzler H. Jones, of Uvalde, and T. M. Milam, of Ft. Stockton, for plaintiffs in error.

John J. Dwyer, of New York City, and Will Glover and Martin & Martin, all of Uvalde, for defendants in error.

SHARP, J.

Sapopa Ruiz for herself, and as next friend of Maria O'Neil, filed this suit in the district court of Uvalde county, Tex., against E. A. Norton and a number of other persons, seeking to have the plaintiffs declared the lawful heirs of James O'Neil, deceased, and seeking to recover rents, damages, and the title to, and possession of, several tracts of land belonging to the estate of the said James O'Neil.

Charles W. Donnelly, and a number of other persons who were defendants in the trial court, filed a petition in cross-action in answer to the original petition of plaintiffs and sought to have themselves declared lawful heirs of James O'Neil, deceased, assuming the position of plaintiffs as against their codefendants and the actual plaintiffs in the suit, and undertook, in trespass to try title, to recover the title and possession of the land involved in this suit, and, in addition thereto, sued for damages and costs of suit.

W. S. Ingram, one of the parties to the suit, answered with a general denial, plea of not guilty, and sought to recover a portion of the land belonging to the estate of James O'Neil, and in the alternative sought to recover the amount of the funeral bill for the burial of James O'Neil, deceased, and a certain sum of money paid by him as taxes on the property in question, and sought to foreclose an equitable lien on the land involved in this suit to satisfy the payment of the sums of money so paid by him.

The case was submitted to the jury upon special issues. Based upon the findings of the jury to the special issues, the trial court entered judgment denying all claims of the

plaintiffs and some of the defendants and adjudging the title and possession of the land in question to the following named persons, to wit: Charles W. Donnelly, George H. Lottspike, Minnie L. Newman, Bessie Fee, Edward O'Neil, Anna O. Ronan and husband, Louis Ronan, Agnes O. Street and husband, Walter Street, Henrietta O. O'Donnell and husband, Frank O'Donnell, John O'Neil, and James L. O'Neil.

The trial court further rendered judgment for the same parties heretofore named against E. A. Norton and H. G. Norton, jointly, in the sum of $75.60, as rental for certain land belonging to the estate. Judgment was further rendered against W. S. Ingram for $21, and against Atlas Jones for the sum of $25.-50. We will not set out further the matters included in said judgment because they are immaterial.

The pleadings and judgment are voluminous and we will not set out in detail the contents of either the pleadings or the judgment, as what has been stated will sufficiently illustrate our view in disposing of this case. An appeal was taken from the judgment of the trial court to the Court of Civil Appeals, and the judgment of the trial court was affirmed. We refer to the opinion of the Court of Civil Appeals for a further statement of the facts involved herein. 17 S.W.(2d) 66. A writ of error was granted.

It is contended that the Court of Civil Appeals erred in holding in effect that the district court had jurisdiction to hear and determine this case, notwithstanding the undisputed record shows that a necessity for administration of the estate of James O'Neil, deceased, existed and that an application for such administration had been filed before the institution of this suit and was pending in the county court of Uvalde county when this suit was filed and tried in the district court of Uvalde county, and that the county court of Uvalde county under the Constitution and laws had original and general jurisdiction of the matters in controversy with full powers to transact all business pertaining to the estate of James O'Neil, deceased, including the settlement, partition, and distribution thereof.

This record shows that it is undisputed that James O'Neil died in Uvalde county, Tex., on or about February 24, 1924, and left an estate consisting of real and personal property situated in Uvalde county; that James O'Neil acquired some property during the lifetime of his wife, Annie O'Neil, who died some years prior to the death of James O'Neil; that James O'Neil left what was purported to be his will dated August 11, 1911, and, among other things, it says: "And I further appoint the Commercial National Bank of Uvalde administrator." It is further shown that the Commercial National Bank of Uvalde filed in the county court of Uvalde county on April 17, 1924, an application for a probate of the will of the said James O'Neil, deceased, for the appointment of an executor with will annexed, and for general administration of the estate of the said decedent. It is further shown that the application for the probate of the will and for administration was filed long before this suit was filed; that the record shows there are unpaid debts such as funeral expenses, taxes, and costs of administration against the estate of James O'Neil, deceased, and that the estate has not been closed as contemplated by law. It is further shown that this suit was filed in the district court of Uvalde county on September 10, 1927.

Section 16, article 5, of the Constitution of this state, and article 3290, R. S.; 1925, in substance, give the county court original and general jurisdiction over the estates of decedents. Both further provide that it shall probate wills, grant letters testamentary, or of administration, settle the accounts of executors and administrators and transact all business appertaining to the estate of deceased persons, including the settlement, partition, and distribution of such estates.

■ It is well-settled rule in this state that when an administration on the estate of a deceased person is pending in the county court or it is made to appear that a necessity for it exists, the district court only has appellate jurisdiction and has no original jurisdiction to decree a partition or distribution or settlement of the estate among the heirs of decedent until the administration in the county court has been finally concluded.

We think the foregoing rule finds ample support in the Constitution and statutes above cited, and in the following authorities: Northcraft v. Oliver, 74 Tex. 166, 11 S. W. 1121; Richardson v. Vaughan, 86 Tex. 93, 23 S. W. 640; Western Mortgage & Investment Co. v. Jackman et al., 77 Tex. 622, 14 S. W. 305; Bluitt et al. v. Pearson, 117 Tex. 467, 7 S.W.(2d) 524; Maxwell's Unknown Heirs v. Bolding (Tex. Civ. App.) 11 S.W.(2d) 814; Youngs v. Youngs (Tex. Com. App.) 26 S.W. (2d) 191.

The case of Northcraft v. Oliver, 74 Tex. 162, 11 S. W. 1121, 1123, involved the question of the heirs of an estate as to whether or not a suit in an action of trespass to try title could be maintained in the district court while an administration of the estate was open and pending in the county court, and it was held in that case that the heirs of an estate cannot maintain an action to recover property belonging to the estate unless there are no debts unpaid against the estate and no necessity for administration is shown. In reversing the case, the Supreme Court says:

"In the case of Peveler v. Peveler, 54 Tex. 58, Justice Gould says: 'To show their right to sue, the plaintiff alleged that there was

"no administration on said estate, the administration of the defendant, L. J. Peveler, having been closed by his removal." If, however, the evidence showed a pending administration and unsettled claims, then, prima facie at least, it showed that the heirs had no right to sue. The defendants were not driven to plead the non-joinder of the administrator in abatement. The case was not one of defect of parties who ought to have been co-plaintiffs, but it was one in which the evidence negatived the right of action claimed by plaintiffs.'

"The evidence shows that there had been an administration opened in Texas upon the estate of A. T. Oliver, and that it had never been formally closed, though a very long interval had elapsed since any action had been taken in it. The administrator was living when the suit was begun, but died before the judgment was rendered."

From the proceedings and the statements disclosed by the foregoing record, it is plain that administration proceedings were pending in the county court of Uvalde county upon the estate of James O'Neil, deceased, and that when this suit was filed the administration of the estate of James O'Neil, deceased, had not been concluded. The jurisdiction of the county court having been once acquired cannot be destroyed, diminished, or suspended by any one of the parties bringing an action in another court, and any judgment or order of the latter court is void in so far as it conflicts with any judgment or order of the court first acquiring jurisdiction. It therefore follows that the district court of Uvalde county had no jurisdiction in the matters involved in this suit and had no authority under the facts shown in this record to enter any decree or judgment therein. Cleveland v. Ward, 116 Tex. 1, 285 S. W. 1063; Conn et al. v. Campbell (Tex. Com. App.) 24 S.W.(2d) 813.

In reaching the conclusion herein stated we have kept in mind the further well-settled rule in this state that when it appears in the nature of the case, as shown by the pleadings and proof, that the suit involves controversies and issues from which and between parties over whom the probate court did not have jurisdiction, is such that the powers of the probate court are inadequate to grant the full relief sought, then the district court has jurisdiction and may grant relief. Gregory v. Ward (Tex. Sup.) 18 S.W.(2d) 1049; Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501.

Tested by the rules herein stated, in our judgment the facts of the case at bar easily distinguish it from the facts of the cases just cited, and it is not shown from this record that this case falls under the rule just stated.

For the reasons herein stated, we recommend that the judgment of the Court of Civil Appeals and of the trial court be reversed and remanded.

CURETON, C. J.

Judgments of the district court and Court of Civil Appeals are both reversed, and cause remanded, as recommended by the Commission of Appeals.

We approve the holdings of the Commission of Appeals on the questions discussed in its opinion.