DEMPSEY et al. v. GIBSON.

No. 1885.

Court of Civil Appeals of Texas. Waco.

April 22, 1937.

Rehearing Denied May 20, 1937.

Richard & A. P. Mays, of Corsicana, for appellants.

Taylor & McWilliams, of Corsicana, for appellee.

ALEXANDER, Justice.

This suit was brought by Ford Dempsey and others against Mrs. El J. Gibson to set aside a judgment previously recovered by Mrs. Gibson's deceased husband against the said Ford Dempsey and the other plaintiffs herein in the same court and in trespass to try title to recover an undivided interest in 75 acres of land in Navarro county. The judgment of the lower court was unfavorable to plaintiffs, and they have appealed.

A brief statement is necessary to an understanding of the case. In 1918, the land in question was the community property of C. M. Dempsey and wife, Mattie E. Dempsey. There was an outstanding vendor's lien against the land in the sum of $3,750, the payment of which had been assumed by C. M. Dempsey as a part of the purchase price of the land. The said C. M. Dempsey died intestate in 1918, leaving surviving him his wife, Mattie E. Dempsey, and several children, all of whom are appellants herein. Shortly thereafter, J. Frank Williams was appointed administrator of C. M. Dempsey's estate and the probate proceedings on said estate were not closed until the year 1934. In 1925, El J. Gibson, who had become the owner of the outstanding vendor's lien note in the sum of $3,750, brought suit in the district court of Navarro county in cause No. 14672 against the said J. Frank

Williams, as the administrator of said estate, and against the said Mattie E. Dempsey and Ford Dempsey and all the other appellants herein, to recover his debt as evidenced by said vendor's lien note, and to foreclose his lien on said land. In this connection it should be noted that, while the petition prayed for personal judgment against Mrs. Dempsey and the heirs of C. M. Dempsey, deceased, no grounds were alleged to show why such defendants should be held personally liable for the payment of the debt when its payment had been assumed alone by C. M. Dempsey, deceased. The petition specifically alleged the pendency of the probate proceedings on the estate of C. M. Dempsey, deceased, but did not allege that the claim sued on had ever been presented to the administrator of said estate for payment. In the same suit, Gibson further alleged, in effect, that in 1923, after the death of the said C. M. Dempsey, the said Mattie E. Dempsey, his widow, had executed and delivered to the Liberty National Bank a deed of trust on her undivided one-half interest in said land to secure the payment of a debt contracted by her after the death of her husband; that there had been a sale under said deed of trust and Mrs. Dempsey's interest in the land had been bought in by Gibson; that as a matter of fact he had bought said land in for Mrs. Dempsey's use and benefit and that she had executed to him her note for the sum of $2,000 for the money advanced by him in buying the land, with the understanding that he should hold the title to said land for her in trust to secure the payment of said note. He alleged that the note was past due and unpaid and prayed for a personal judgment against Mrs. Dempsey for the amount of said note, with interest, and for foreclosure of his lien on Mrs. Dempsey's interest in said land. J. Frank Williams, as administrator of said estate, filed a disclaimer in said suit and was dismissed from the cause with his costs. Mrs. Mattie E. Dempsey and all of the other defendants therein who were of age filed waivers of citation. The minor defendants, all of whom had been served with citations, were represented by a guardian ad litem appointed by the court for that purpose. The court entered a personal judgment in favor of said El J. Gibson against all of the defendants therein, except the administrator of said estate, for the amount of the $3,750 note and inter-

est, with foreclosure of the vendor's lien on said land. The court also entered a personal judgment in favor of the said El J. Gibson against the said Mrs. Mattie E. Dempsey for the amount of said $2,000 note and interest, with foreclosure of the lien on said land. Shortly thereafter, an order of sale was issued on said judgment and the land was sold and bought in by the said El J. Gibson. The said Mrs. Mattie E. Dempsey has since died intestate, leaving the plaintiffs herein, who are her children and grandchildren, as her only surviving heirs, and El J. Gibson has since died, leaving the defendant herein, Mrs. El J. Gibson, as his only heir and successor in title. The probate proceedings in the C. M. Dempsey estate were closed in 1934. The land in question was included in the inventory originally filed in the probate proceedings, but there is nothing to show that the probate court ever otherwise took any cognizance of this particular tract of land. The suit here under consideration was brought in August, 1935, by the children and grandchildren and heirs of the said C. M. and Mattie E. Dempsey against the said Mrs. El J. Gibson to set aside the judgment previously entered in cause No. 14672, and to recover an undivided 7/16 interest in the tract of land in question, being the interest in said land so inherited by the plaintiffs from their deceased father, C. M. Dempsey.

The trial court held that the judgment in favor of El J. Gibson against Ford Dempsey and others in said cause No. 14672 was valid, but that the district court was without authority to order a sale of the land in satisfaction thereof, and that said judgment should have been certified to the probate court for observance. The court ordered the property resold in satisfaction of the judgment of foreclosure rendered in cause No. 14672.

The material question to be determined is whether or not the judgment of foreclosure entered in cause No. 14672 was valid. This depends on whether or not said court had jurisdiction to enter said judgment. It will be noted that the petition in said cause had a dual purpose, (a) to recover a debt owing by the estate and to foreclose a lien on land, and (b) to recover a debt contracted by Mrs. Dempsey after the death of her husband and to foreclose a lien on her interest in the same

land. Ordinarily the probate court has exclusive jurisdiction to establish or reject claims against estates pending before it. 13 Tex.Jur. 606, 614; 14 Tex.Jur. 24; Rev.St. arts. 3509, 3530. However, it is a court of limited jurisdiction and, where the contemplated suit involves equities for the settlement of which the jurisdiction of the probate court is inadequate, resort may be had to the district court for the determination of such questions. 13 Tex. Jur. 608; Lauraine v. Ashe, 109 Tex. 69, 191 S.W. 563, par. 13, 196 S.W. 501. The foregoing principles are well known, but the difficulty here encountered lies in making proper application thereof in this particular case. The material question to be here determined is whether or not the entire claim as asserted by Gibson in the district court involved equities in connection with the claim against said estate that were beyond the jurisdiction of the probate court and required the exercise of jurisdiction by the district court. Since the debt evidenced by the $3,750 note was a community debt and the land was community property, the entire interest in the land (including the interest owned by both the husband and wife) was subject to the payment of said debt. Since the payment of the debt was assumed by C. M. Dempsey alone, neither his surviving widow nor his children as such were personally liable for the payment thereof. Rev.St. art. 3464; Blinn v. McDonald, 92 Tex. 604, 46 S.W. 787, 48 S.W. 571, 50 S.W. 931. In fact, there were no allegations in the petition filed by Gibson in the district court that authorized the entry of personal judgment against either of them for this particular debt. Hence, it cannot be said that the fact that plaintiff in said suit was seeking a personal judgment for the amount of the $3,750 note against parties other than the estate justified the bringing of the suit in the district court. The claim against the C. M. Dempsey estate for the amount of the $3,750 note and for the enforcement of the lien securing the same, when considered alone, was exclusively within the jurisdiction of the probate court, where the administration of said estate was then pending. The suit, in so far as it sought a personal judgment against Mrs. Mattie E. Dempsey on the $2,000 note and to foreclose the lien securing same on whatever interest Mrs. Dempsey would have in the land after the estate of C. M. Dempsey had been fully adminis-

tered, was within the jurisdiction of the district court and not the jurisdiction of the probate court.

Did the fact that each of these claims, the one against the estate for $3,750 and the other one against Mrs. Dempsey for $2,000, was secured by a lien against the same tract of land, create a situation that authorized the joining of the claim against the estate with that against Mrs. Dempsey in the district court merely for the purpose of adjusting the equities in the land? We think not. The lien securing the $3,750 covered the entire interest in the land, while the lien securing the $2,000 covered only such interest as would belong to Mrs. Dempsey after the estate had been fully administered. This latter debt, and the lien securing the same, were created after the probate court had acquired jurisdiction over the land, and were clearly subordinate to the prior lien and subject to the due administration of said estate in the probate court. The petition alleged no facts showing a conflict between the two liens nor any confusion as to the rights to which each of them attached. The respective liens attached to different interests in the land and one of them was clearly subordinate to the other. The action to enforce one of these liens was amenable to the probate court and the other to the district court. There was no consistency between the two actions and no such confusion of rights pertaining thereto as required the exercise of jurisdiction of the district court over the action that was otherwise within the jurisdiction of the probate court merely for the purpose of adjusting such equities. In other words, there was no justification for the joining of the two causes of action in one suit. Mrs. Dempsey, merely as the surviving widow, could not have successfully maintained a suit in the district court against the administrator to recover an interest in said land while the estate was being so administered, and Gibson, in so far as the interest acquired by him from Mrs. Dempsey, stood in her shoes and held no greater right than she did. Hence, he could not invoke the jurisdiction of the district court as against the administrator merely for the purpose of asserting rights that he had so acquired from Mrs. Dempsey after the probate court had acquired jurisdiction over the property. See in this connection: O'Neil

427

v. Norton (Tex.Com.App.) 29 S.W.(2d) 1060; Reynolds Mortgage Co. v. Smith (Tex.Civ.App.) 280 S.W. 881; Phelps v. Thurber Brick Co. (Tex.Civ.App.) 62 S.W. (2d) 596, par. 6; Martin v. Harrison, 2 Tex. 456.

The statutory rule, which requires claims against estates to be first presented to the administrator for his approval or rejection before resort can be had to the district court to enforce same, is a salutary one adopted for the benefit of the creditors as well as the heirs, and its purpose is to avoid delay and to prevent dissipation of the assets of the estate in useless litigation. Graham v. Vining, 1 Tex. 639; Kellogg v. Southwestern Lumber Co. (Tex. Civ.App.) 44 S.W.(2d) 742, par. 1. Where a creditor so resorts to the district court to enforce his claim against the estate and the petition does not show that the claim was first presented to and rejected by the administrator and docs not allege facts which bring the case within one of the exceptions to the rule, the district court is without jurisdiction to render judgment therein. Western M. & I. Co. v. Jackman, 77 Tex. 622, 14 S.W. 305; Faulkner v. Reed (Tex.Com.App.) 241 S.W. 1002, par. 4; Low v. Felton, 84 Tex. 378, 19 S.W. 693. The petition filed by Gibson in said cause No. 14672 failed to state any facts that would bring the case within any of the known exceptions to the rule, and therefore the court was without jurisdiction to enter judgment therein. Since the district court was without jurisdiction to enter the judgment, what was the effect where the administrator, who was a party to the proceedings, disclaimed as to the property and did not seek to abate the suit, and the heirs, who are appellants herein, appeared in the case and did not appeal from the judgment so entered? The fact that the administrator disclaimed as to the property is of no particular importance in view of the fact that the court was without jurisdiction. The administrator is required to administer the estate under the supervision of the probate court and can sell property belonging to the estate and compromise claims with reference thereto only by and with the approval of a court of competent jurisdiction. 13 Tex.Jur. 750, 754. For a like reason, we think, he could not disclaim as to the land and thereby release the same from the administration without the consent of a court of competent jurisdiction. The fact that the heirs did not appeal from the judgment gave no validity thereto. It has been said in such cases that the district court is without jurisdiction to enter a judgment. Western M. & I. Co. v. Jackman, supra. It has also been said that a judgment so entered is void. O'Neil v. Norton, supra. If the district court was without jurisdiction to try the cause, the parties could not confer jurisdiction by their mere failure to appeal. A similar situation arose in the case of Cunningham v. Taylor, 20 Tex. 126, and the court there held that the heirs, who were parties to the judgment entered in the district court and who did not appeal therefrom, could maintain an action in the same court at a subsequent term and have the judgment set aside. For the same reason, we think, appellants can maintain this suit to set aside the judgment and the sale of the land thereunder.

Since the probate proceedings on the estate of C. M. Dempsey have now been closed without disposing of this particular tract of land, we know of no reason why Mrs. Gibson, appellee herein and successor in title to El J. Gibson, cannot now have herself made a party plaintiff in said proceedings and then prosecute said suit to a conclusion and have foreclosure of her lien on the land. The following authorities will probably be helpful on the question of limitation upon another trial. Hays v. Tilson, 18 Tex.Civ.App. 610, 45 S.W. 479; Vernon's Ann.Civ.St. art. 5539a (Acts 1931, 42d Leg., p. 124, c. 81, § 1); 28 Tex.Jur. 188; McCamant v. McCamant (Tex.Civ.App.) 203 S.W. 118.

The judgment of the trial court is reversed, and the cause is remanded for a new trial.