## LAUBHAN et al. v. PEORIA LIFE INS. CO.

### No. 4228.

Court of Civil Appeals of Texas. Amarillo.

April 26, 1937.

E. C. Gray, of Higgins, for appellants.

Morgan, Culton, Morgan & Britain, of Amarillo, for appellee.

STOKES, Justice.

This case involves the question of whether or not a claim against a decedent's estate in administration which arose upon a debt and lien created before the enactment of article 3515a, Vernon's Texas Statutes 1936, General Laws 42d Leg. (1931) c. 52, p. 79 et seq., and maturing after that act took effect is controlled by, and should be presented and prosecuted under, the provisions of that act or under the law as it existed at the time the indebtedness under which the claim arose was created. Being unable to agree on that question, we certified the case to the Supreme Court upon two questions pertaining to the jurisdiction of the district court, as follows:

"1. Did the District Court of Lipscomb County have original jurisdiction of appellee's cause of action without a previous claim having been filed with and rejected by the administratrix, under the facts recited above?

"2. If not, did such Court have jurisdiction after appellee's claim for a preferred lien under article 3515a had been rejected by the Administratrix, as set out above?" Laubhan v. Peoria Life Ins. Co. (Tex.Com. App.) 102 S.W.(2d) 399, 402.

The holding of the Supreme Court is to the effect that the law prevailing at the time the indebtedness and lien were created is the law under which the claim against the estate should be prosecuted and that the district court does not have jurisdiction of the cause. The negative answer to the first question is qualified, however, by the suggestion that, if the claim is prosecuted under the former law and appellee's pleadings are so amended as to present litigable issues concerning the equitable features involved, the district court would have jurisdiction.

We construe the holding to mean that, if the pleadings are so arranged as to present for adjudication the appellee's claim of estoppel and equities as between the homestead and other land involved and to show, also, that the requirements of the former probate law have been complied with, a case would be presented of which the district court would have jurisdiction and the whole case would fall under the recognized exception to exclusive jurisdiction of the probate court as being one in which that court could not decree adequate relief. Cannon, Adm'r, v. McDaniel et al., 46 Tex. 303; Western Mortgage & Inv. Co. v. Jackman, 77 Tex. 622, 14 S.W. 305; George et al. v. Ryon, 94 Tex. 317, 60 S.W. 427.

The judgment of the trial court is reversed with instructions that, if the pleadings are not made to conform to the holding of the Supreme Court in its opinion upon the certified questions, the cause should be dismissed.