## V. M. RYON v. A. P. GEORGE ET AL.

Decided May 22, 1903.

**1.—Estates of Decedents—Lien—Jurisdiction of District Court.**

In an action to establish a claim against a decedent's estate the district court has jurisdiction to establish a lien upon lands of the estate in plaintiff's favor by virtue of a trust deed given to secure the debt. Following George v. Ryon, 94 Texas, 317.

**2.—Same—Parties—Trustee.**

In such an action it seems that it is not necessary to make the trustee a party. In this case, however, it appears that he was dead.

**3.—Homestead—Rural and Urban Not Combined.**

Where defendant, a farmer, lived with his family within the corporate limits of a town of 1500 inhabitants, upon lots aggregating an acre situated in an addition that was laid off into blocks, lots and streets, and owned 179 acres of land lying outside the city limits which he cultivated as a farm, the latter could not be claimed as exempt under the homestead law.

Appeal from the District Court of Fort Bend. Tried below before Hon. Wells Thompson.

*John C. Mitchell* and *T. E. Michell,* for appellant.

*Peareson & Peareson,* for appellees.

GARRETT, CHIEF JUSTICE.—This suit grows out of a suit originally brought in the District Court of Fort Bend County by A. P. George and wife against V. M. Ryon as administratrix of the estate of J. W. Ryon, deceased, to establish a claim against the estate of said J. W. Ryon for the sum of $1285.25, which the administratrix, on presentation to her for allowance, had rejected. The claim was secured by a deed of trust on 179 acres of land in Fort Bend County, executed by J. W. Ryon to P. E. Peareson as trustee for J. H. P. Davis, who transferred the claim to the plaintiff. The petition set out the claim and alleged the fact of the execution of the deed of trust, and asked that the claim be established as a claim against the estate of J. W. Ryon,

deceased, but made no prayer as to the lien. The defendant, after answering the petition, filed a plea setting up the defense that the land was the homestead of herself and the said J. W. Ryon, who was her husband, at the time of the execution of the deed of trust described in the petition, and prayed that said deed of trust be declared invalid. The plaintiff demurred to the plea, praying for the cancellation of the deed of trust on the ground of the want of jurisdiction in the District Court to inquire into the lien. The demurrer was overruled, and on trial by jury a judgment was rendered establishing the claim, but the deed of trust was declared to be invalid and was set aside and annulled. An appeal to this court finally resulted in affirmance of the judgment of the court below establishing the claim, and in the reversal of so much thereof as canceled the deed of trust, because the facts were not sufficient to show that the land was a homestead. George v. Ryon, 59 S. W. Rep., 825 ; 94 Texas, 317, and 61 S. W. Rep., 138. In remanding the cause this court directed a new trial upon the homestead issue, with permission to the plaintiffs, if they saw proper, to have their claim upon the land adjudicated.

After the case had been remanded the plaintiffs filed a supplemental petition making a party T. B. Wessendorff, who had been appointed administrator de bonis non of the said estate in the place of the defendant V. M. Ryon, who had been removed, and asked to have their claim adjudged to be a lien upon the land. The defendant Wessendorff admitted the execution of the deed of trust. The defendant V. M. Ryon demurred to the petition, that the court was without jurisdiction to classify the claim, and pleaded her homestead right to the land and the invalidity of the deed of trust and asked that the same be annulled and her title quieted. Judgment was rendered in favor of the plaintiffs establishing their lien upon the land upon a verdict returned by the jury under the direction of the court. The existence of the claim and the execution of the deed of trust as set out in the petition of the plaintiff were shown. Richmond was shown to be an incorporated town of 1500 inhabitants, lying on the west bank of the Brazos River. The defendant Virginia M. Ryon was the widow of J. W. Ryon, deceased, and resided with her husband at the time of his death within the corporate limits of the town of Richmond upon lots in an addition to said town comprising about one acre of ground. J. W. Ryon was a farmer and owned the 179 acres of land upon which the deed of trust had been given and cultivated it as a farm. Neither of them owned any other land. The land was situated across the river from Richmond, outside of the corporate limits.

The District Court had jurisdiction to inquire into and establish the plaintiffs' lien upon the land. George v. Ryon, 94 Texas, 317, 60 S. W. Rep., 427, and 61 S. W. Rep., 138. We should not consider the question of homestead because it is not properly raised by any assignment of error, but we are of the opinion, however, that the undisputed evidence showed that the 179 acres was no part of the homestead of the

defendant Virginia M. Ryon. The verdict is sufficient to support the judgment. It was not necessary to make the trustee a party to the proceeding to establish the claim against the estate. It appears, however, that he was dead. The judgment of the court below will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

A motion for conclusions of fact and law was submitted by the appellant in this cause, but as it was a general request, pointing out no questions on which conclusions were desired, and the court having already filed conclusions, the motion was overruled. On motion for rehearing, however, the conclusions with respect to the homestead question are specifically complained of. As the motion for rehearing will be overruled and our conclusions of fact may not be full enough, we supplement them as follows:

The deed of trust creating the lien which was established by the judgment was executed by J. W. Ryon to R. E. Peareson, as trustee, September 4, 1885. The evidence does not show that Peareson is dead. At the time of the execution of the deed of trust the appellant and J. W. Ryon were husband and wife, and continued to be until the death of J. W. Ryon, which she testified occurred January 4, 1900. At the time of the execution of the deed of trust J. W. Ryon and his wife resided in the town of Richmond on a one-acre lot in Deschaumes' addition to said town, occupying it as a home. The said lot and improvements were worth about $500. Richmond is a town of about 1500 inhabitants, and is divided into blocks, lots and streets. It is situated on the west bank of the Brazos River. The old town survey extended to near a bayou or deep gully, on the north of which lay Deschaumes' addition, which is joined on to the original town survey and was laid off in 1875 into blocks, lots and streets. There is a bridge across the bayou connecting it with the old town. There are five dwelling houses in the addition. The street in front of the Ryon dwelling house leads to the principal business street of Richmond. The town of Richmond was incorporated many years ago, and the addition is included within the corporate limits. The record does not show that the corporation has ever been abandoned. At the time of the execution of the deed of trust J. W. Ryon was a farmer and cultivated the land upon which the deed of trust was given as a farm, using the proceeds for the support of his family, consisting of himself and the appellant and their children. The tract of land containing 179 acres is situated outside of the town of Richmond on the east side of the Brazos River, which is its west boundary, just opposite Deschaumes' addition, of which the Brazos River is the east boundary. There is a public wagon bridge across the river between the addition and the farm. The land is not worth over $25 an acre.

The question of homestead is a difficult one and one about which we have considerable doubt, but the controlling facts are undisputed and present no question for a jury. It is for the court to say upon the facts whether or not the land was a homestead. We are of the opinion that it was not.

                                                                *Overruled.*

Writ of error refused.